470 So.2d 904 (1985)
John CATALANO
v.
WALGREEN'S CORP., et al.
No. CA 2740.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
Rehearings Denied June 26, 1985.
*905 Bobby J. Delise, Patrick M. Amedee, New Orleans, for plaintiff-appellee-appellant.
Kristyne H. McCullough, R. Henry Sarpy, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellants-appellees Walgreen Corp. and Travelers Ins. Co.
Victor A. Dubuclet, III, Metairie, for defendant-appellee-appellant Salmen Co.
Before REDMANN, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
On May 3, 1980, John Catalano struck his head on a metal door closing device as he exited Walgreen's Drug Store on South Carrollton Avenue in New Orleans. Catalano filed suit against Walgreen's for injuries sustained in this incident. On October 30, 1981, Walgreen's filed a third party demand against the Salmen Company, the owner of the premises leased by Walgreen's. On February 25, 1983, Catalano filed a supplemental and amended petition in which he alleged that the Salmen Company was jointly and solidarily liable with Walgreen's and its liability insurer, Travelers Insurance Company. At the close of plaintiff's case, the trial judge granted a motion for directed verdict as to Walgreen's and Travelers Insurance Company. The judge reasoned that the strict liability obligation of Civil Code Article 2317 fell only upon Salmen Company as lessor of the premises due to the wording of the lease between Walgreen's and Salmen Company which stated that the lessor is responsible for the maintenance and repair of the entrances to the leased premises. The trial judge also concluded that sufficient evidence had not been presented on which a jury could reasonably base a finding of negligence as to Walgreen's. Therefore, the trial judge dismissed both plaintiff's claim and the Salmen Company's third party claim against Walgreen's and Travelers Insurance Company.
*906 Following trial, the jury returned a verdict for the plaintiff in the amount of $60,000.00. This verdict was later made the judgment of the court. Subsequently, the Salmen Company filed an exception of prescription alleging that more than one year had elapsed from the date of plaintiff's accident and the filing of plaintiff's supplemental and amended petition in which the Salmen Company was named as a defendant. This exception was overruled by the trial judge and the Salmen Company appeals. Plaintiff also appeals the granting of the directed verdict as to Walgreen's and Travelers Insurance Company.
On appeal, plaintiff contends that the trial judge erred in granting the directed verdict as to Walgreen's and Travelers because of evidence of Walgreen's negligence allegedly produced by the plaintiff. According to plaintiff, Walgreen's was custodian of the premises and was obliged to insure that the premises were free from defects or vices.
We agree with the plaintiff's position that the directed verdict in favor of Walgreen's and Travelers Insurance Company was improperly granted by the trial judge. The finding that the lease between Walgreen's and Salmen Company placed the strict liability obligation of LSA-C.C. art. 2317 only upon Salmen is erroneous. This lease did not relieve Walgreen's from liability for this accident. Lessors and lessees cannot contractually insulate themselves from liability as to innocent third parties. As custodian of this building, Walgreen's owed a duty to its customers to ensure their ability to safely walk in and out of their establishment.
We also find no merit in the Salmen Company's argument that the plaintiff was contributorily negligent in this case. Customers should not be required to check a doorway to see if they can walk through without hitting their heads. This metal door closing device, which provided a clearance of only 6' 25/8", constituted an unreasonable risk of harm and may be the basis of a finding of negligence as to Walgreen's and Travelers.
However, because Walgreen's and Travelers were dismissed from this lawsuit at the close of the plaintiff's case, they have not yet had the opportunity to present their case. Therefore, we are remanding this case for a trial by the trial judge alone in order to determine the liability of Walgreen's and Travelers.
If it is ultimately found that Walgreen's and Travelers are not liable in this case, then Salmen's exception of prescription will have to be maintained because more than one year had elapsed between the accident and the inclusion of Salmen as a defendant in this case. However, if Walgreen's and Travelers are found to be liable, then the action against Salmen will not have prescribed because the filing of a suit against one solidary obligor interrupts prescription as to all other solidary obligors. LSA-C.C. art. 2097.
For the reasons stated above, the portion of the judgment dismissing Walgreen's and Travelers Insurance Company on a directed verdict is reversed, and the case is remanded for a trial by the trial judge alone in order to determine if Walgreen's and Travelers Insurance Company are liable to the plaintiff. The portion of the judgment overruling the Salmen Company's exception of prescription is conditionally affirmed pending the outcome of the trial as to Walgreen's and Travelers Insurance Company.
REVERSED AND REMANDED IN PART; CONDITIONALLY AFFIRMED IN PART.
PER CURIAM.
We deny the application of Walgreen's and Travelers (applicants) but we amend our original opinion in order to expand the scope of the trial on remand. In addition to a determination of applicants' liability there must be a determination of quantum in which applicants are able to defend themselves and put on whatever evidence they may see fit. Also, if the trial court finds applicants liable, the court must address *907 the issues of indemnity raised by Walgreen's and Salmen.
All other applications are likewise denied.