PRESTON H. HUFFT, Judge Pro Tern.
Walgreen’s Corporation and its insurer, Travelers Insurance Company, and L.L. Salmen Company appeal from a judgment of the trial court which found Walgreen’s to have been negligent and liable in solido with L.L. Salmen Company, for damages to John Catalano, plaintiff, in the amount of $60,000.00, and which dismissed Walgreen’s and Salmen’s third-party claims against each other.
This case has been before this Court previously. In John Catalano v. Walgreen’s Corporation, et al., 470 So.2d 904 (La.App. 4th Cir.1985), this Court reversed the trial court’s dismissal of Walgreen’s as a defendant. The trial judge had determined that Walgreen’s, as Salmen’s lessee, could not be held strictly liable to Catalano under La.C.C. art. 2317 nor could Walgreen’s be liable according to the terms of its lease agreement with Salmen. This Court held that parties cannot, by contract, insulate themselves from liability as to innocent third parties. This Court’s findings of fact and previous actions with respect to this case follow.
On May 3,1980, John Catalano struck his head on a metal door closing device as he *865 exited Walgreen’s Drug Store on South Carrollton Avenue in New Orleans. Cata-lano filed suit against Walgreen’s for injuries sustained in this incident. On October 30, 1981, Walgreen’s filed a third-party demand against the Salmen Company, the owner of the premises leased by Walgreen’s. On February 25, 1983, Catalano filed a supplemental and amended petition in which he alleged that the Salmen Company was jointly and solidarily liable with Walgreen’s and its liability insurer, Travelers Insurance Company. At the close of plaintiffs case, the trial judge granted a motion for directed verdict as to Walgreen’s and Travelers Insurance Company. The judge reasoned that the strict liability imposed by Louisiana Civil Code Article 2317 fell only upon Salmen Company as lessor of the premises because of the alleged obligations under the lease between Walgreen’s and Salmen. The lease allegedly imposed upon the lessor the responsibility for the maintenance and repair of the entrances to the leased premises. The trial judge also concluded that sufficient evidence had not been presented on which a jury could reasonably base a finding of negligence as to Walgreen’s. Therefore, the trial judge dismissed both plaintiff’s claim and the Salmen Company’s third-party claim against Walgreen’s and Travelers Insurance Company.
The jury returned a verdict for the plaintiff in the amount of $60,000.00. This verdict was later made the judgment of the court. Subsequently, the Salmen Company filed an exception of prescription alleging that more than one year had elapsed from the date of plaintiff's accident and the filing of plaintiff’s supplemental and amended petition in which the Salmen Company was named as a defendant. This exception was overruled by the trial judge and the Salmen Company appealed. Plaintiff also appealed the granting of the directed verdict as to Walgreen’s and Travelers Insurance Company.
On the initial appeal, plaintiff contended that the trial judge erred in granting the directed verdict as to Walgreen’s and Travelers because of evidence of Walgreen’s negligence allegedly produced by the plaintiff. According to plaintiff, Walgreen’s was custodian of the premises and was obliged to insure that the premises were free from defects or vices.
This Court agreed with the plaintiff’s position that the directed verdict in favor of Walgreen’s and Travelers Insurance Company was improperly granted by the trial judge. The finding that the lease between Walgreen’s and Salmen Company placed the strict liability obligation of LSA-C.C. art. 2317 only upon Salmen (and barred recovery from Walgreen’s) was erroneous. The alleged provisions of the lease could not relieve Walgreen’s from liability for the accident. Lessors and lessees cannot contractually insulate themselves from liability as to innocent third parties. As custodian of the building, Walgreen’s owed a duty to its customers to ensure their ability to safely walk in and out of its establishment.
This Court also found no merit in the Salmen Company’s argument that the plaintiff was contributorily negligent in this case. This Court held that customers should not be required to check a doorway to see if they can walk through without hitting their heads. The metal door closing device, which provided a clearance of only 6' 2%", constituted an unreasonable risk of harm and presented a possible basis of a finding of negligence as to Walgreen’s and Travelers.
However, because Walgreen’s and Travelers were dismissed from the lawsuit at the close of the plaintiff’s case, they did not have the opportunity to present their case. Therefore, this Court remanded the case for trial by the judge alone in order to determine the liability of Walgreen’s and Travelers.
This Court noted that if Walgreen’s and Travelers were found not to be liable, then Salmen’s exception of prescription would have to be maintained because more than one year had elapsed between the accident and the inclusion of Salmen as a defendant. However, if Walgreen’s and Travelers were found to be liable, then the action against Salmen would not have prescribed because the filing of a suit against one solidary *866 obligor interrupts prescription as to all other solidary obligors. LSA-C.C. art. 2097.
In a per curiam opinion, this Court denied the application of Walgreen’s and Travelers for a rehearing but amended the original opinion in order to expand the scope of the trial on remand. In addition to a determination of the applicants’ liability, this Court held that there must be a determination of quantum as to Walgreen’s and its insurer. The opinion directed the trial court to let Walgreen’s and its insurer put on whatever evidence they deemed appropriate. This Court also noted that if the trial court found Walgreen’s and Travelers liable, the court had to address the issues of indemnity raised by Walgreen’s and Sal-men.
After conducting a trial on remand as directed by this Court, the trial court entered a judgment on June 17, 1986, which states in pertinent part:
“Considering the law, evidence and argument of Counsel presented on the retrial of these proceedings, the Court is of the opinion that Walgreen’s Corporation was at fault in allowing the dangerous condition to exist and for their failure to maintain the premises free from defect; therefore:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, John Catalano and against defendants, Walgreen’s Corporation, and its insurer Travelers Insurance Company, and L.L. Salmen Company, in solido, in the full sum of sixty thousand dollars ($60,000.00) together with judicial interest from the date of demand until paid and all costs of these proceedings. “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Demands of both Walgreen’s Corporations and its insurer Travelers Insurance Company and L.L. Salmen Company be, and they are hereby, dismissed.”
On November 17, 1986, the trial court assigned reasons for judgment, which state in pertinent part:
“... the Court finds that a defect in the premises existed. Both defendants, Walgreen’s, as lessee, and L.L. Salmen Company, as lessor, were at fault in allowing the dangerous condition to exist which was a cause [of] plaintiff's injuries.”
Walgreen’s and its insurer, Travelers Insurance Company, raise the following issues on appeal:
1. The trial court erred in holding Walgreen’s and its insurer liable based upon a defect in the premises.
2. The trial court erred in finding Walgreen’s and Salmen liable in solido.
3. The trial court erred in dismissing Walgreen’s third-party demand against Salmen.
4. The trial court erred in finding the existence of a defect.
5. The trial court erred by awarding excessive damages to the plaintiff.
6. The trial court erred by failing to find plaintiff comparatively negligent.
Salmen Company has appealed the decision on remand and has raised the following issues:
1. The case on remand should have gone to a jury.
2. Walgreen’s was the custodian.
3. Principles of negligence rather than principles of strict liability should govern this case.
4. Plaintiff was contributorily negligent.
As a preliminary matter, we note that we cannot reconsider the propriety of this Court’s remand of the case for a trial by the judge alone rather than by the jury as to Walgreen’s liability, quantum, and third-party demand against Salmen. If a review of this Court’s previous disposition, a final decision, was desired it should have been sought by means of an application to the Louisiana Supreme Court for certiorari. No such action was taken by either party.
We also note that in its previous disposition this Court addressed the issue of the plaintiff’s comparative negligence and dismissed the argument as lacking merit. The possibility existed for Walgreen’s Corporation to introduce new evi *867 dence to show that the plaintiff had been negligent and such a showing would have required the judge to assess the comparative negligence of the parties. However, the evidence introduced by Walgreen’s appears negligible with respect to any matter of the case presently before us. Accordingly, to the extent that the issue of plaintiff’s comparative negligence might be properly before us, we cannot say that the jury and the judge were clearly wrong in determining that the plaintiff was not comparatively negligent.
We further note that the previous per curiam ruling in this matter allowed the trial judge on remand to make a determination of the amount of damages for which Walgreen’s and its insurer were liable. This Court’s previous ruling suggests that the quantum as to Salmen would stand unless the case presented by Walgreen’s supported a reduction in amount and presented a legal basis for Salmen to benefit from such reduction. At the trial on remand, Walgreen’s presented no evidence addressing quantum. Because of the earlier decision, which gave tacit and conditional affirmation of quantum as to Salmen and the lack of any additional evidence to controvert quantum, we cannot, to the extent that the issue of quantum is before us on appeal, find the determination of quantum to be clearly wrong.
The proper issues remaining appear to be:
(1) Whether the trial court’s decision rests upon La.C.C. art. 2317 or art. 2815.
(2) Whether Walgreen’s and Salmen may be liable in solido.
(3) Whether the trial court erred in dismissing the third-party claims of Walgreen’s and Salmen against one another.
The issues raised by Walgreen’s and Sal-men reflect that the two parties view the judge’s decision as having been decided solely under La.C.C. art. 2317 which imposes strict liability upon the custodian of a thing that causes damage to another. In previously reversing the trial court’s dismissal of the case against Walgreen’s, this Court stated that “The finding that the lease between Walgreen’s and Salmen Company placed the strict liability obligation of LSA-C.C. art. 2317 only upon Salmen is erroneous. This lease did not relieve Walgreen’s from liability for this accident. Lessors and lessees cannot contractually insulate themselves from liability as to innocent third parties.”
The initial findings of the jury were that the premises were defective on the date of the accident such that an unreasonable risk of harm existed and that the defective condition of the premises caused the plaintiff’s injury and damages.
The judge’s decision on remand found that the premises were defective, that both Walgreen’s and Salmen were at fault in allowing the dangerous condition to exist, and that the dangerous condition caused the plaintiff’s injuries.
When we consider the jury verdict together with the trial judge’s assigned reasons for the decision reached after remand, we interpret the judge’s decision as being based not upon the strict liability imposed upon the custodian of a thing that does damage under La.C.C. art. 2317 but upon the liability imposed upon those whose acts cause damage to another under La.C.C. art. 2315. Walgreen’s and Salmen both knew of the presence of the device which presented an unreasonable risk of harm and both allowed the device to remain in position. The jury’s verdict and the judge’s decision together appear to achieve an appropriate result by application of La. C.C. art. 2315. Since this Court’s previous decision implied that La.C.C. art. 2315 might serve as a basis for recovery, we find that the trial judge’s decision is not clearly wrong in attributing fault to both Walgreen’s and Salmen.
We also find that casting of Walgreen’s and Salmen liable in solido was not clearly wrong. La.C.C. art. 2324 states in pertinent part:
“.... Persons whose concurring fault has caused injury ... to another are also answerable, in solido....”
*868 The remaining issue to address concerns the third-party claims of Walgreen’s and Salmen against one another. La.C.C. art. 1804 provides in pertinent part:
“Among solidary obligors, each is liable for his virile portion_ If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.”
We are convinced that the trial judge, mindful of the provisions of La.C.C. art. 1804, simply dismissed the third-party claims by the tort-feasors against each other based upon the finding that each tort-feasor was 50% negligent and contribution would take place automatically between them as a matter of right.
This contribution of right, however, does not fully dispose of the issue. The question remains as to whether the law or the lease agreement between Walgreen’s and Salmen may provide for indemnification of Walgreen’s by Salmen. Counsel for Walgreen’s suggests that La.C.C. art. 2695 and the applicable lease require Salmen to indemnify Walgreen’s. La.C.C. art. 2695 states in its entirety:
“The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.” [Emphasis added].
However, Walgreen’s has no right to indemnification for the entire amount under the article because it was found to be at fault.
For the reasons assigned, we affirm the result reached by the trial court. The trial court’s judgment is modified to recognize that Walgreen’s and Salmen have rights of reimbursement, one from the other, for any excess over 50% of principal, interest and costs that either may pay to the plaintiff in connection with this matter.
Costs to appellants.
MODIFIED AND AFFIRMED.