527 So.2d 428 (1988)
Elaine GEORGE
v.
WESTERN AUTO SUPPLY COMPANY, INC., et al.
No. 88-CA-0035.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
John B. Perry, New Orleans, for plaintiff/appellant.
George P. Hebbler, Jr., Turner, Young & Hebbler, New Orleans, for appellees.
Before WARD, WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff Elaine George from summary judgment granted against her in favor of defendant Western Auto Supply Company, Inc.
Plaintiff had gone to a Western Auto store to purchase new tires for her car. She parked on the street, next to the curb. She left the store with two of the four tires, and, as she approached her car, somehow tripped, sliding off the curb, under her car. She was taken by ambulance to Charity Hospital where she was treated for her injuries. She sued Western Auto, the lessee of the property; James J. DiLeo, the owner of the property; and the City of New Orleans ["City"]. The City crossclaimed against DiLeo and Western Auto. Western Auto then filed a motion for summary judgment against the plaintiff and the City which was granted. It is from this ruling that plaintiff now appeals arguing that the trial court erred in granting summary judgment for the following reasons: (1) defendant had a duty to notify the City of the hazardous state of its "sidewalk/curb area"; (2) defendant had a duty to warn plaintiff, a business patron, about any hazards in the area; (3) defendant had a duty to maintain a safe entrance and exit to its store.
The trial court relied upon Carpenter v. State Farm Fire & Casualty Co., 411 So. 2d 1206 (La.App. 4th Cir.1982) in granting summary judgment. In Carpenter, the plaintiff had fallen on a film of slippery algae that had grown over a sidewalk. In *429 addition to suing the City, the plaintiff also sued the owner of the property abutting the sidewalk. The Fourth Circuit held that property owners have no duty to repair or maintain a public sidewalk and were not strictly liable under Louisiana Civil Code article 2317 because public sidewalks are not within the property owner's custody or "garde." Id. at 1211.
I. DUTY TO NOTIFY CITY
In Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980), the Louisiana Supreme Court held that municipalities were strictly liable for damages resulting from a vice or defect in a thing within its control, e.g. sidewalks and streets. La.Civ.C. art. 2317. In 1985, the legislature enacted La. R.S. 9:2800, which required that public entities have actual or constructive notice of the vice or defect and fail to remedy the defect notwithstanding a reasonable opportunity to do so before liability attaches. In this case, plaintiff's injuries occurred two months after the effective date of the statute.
Plaintiff argues that Western Auto had a duty to inform the City of the defective condition of its sidewalk. We find this argument to be without support. First, we note that such a duty is without statutory basis. Further, the duty to maintain the sidewalks belongs to the City. Bangs v. City of New Orleans, 196 So.2d 324 (La. App. 4th Cir.1967). No such duty is imposed upon a property owner. The only duty a property owner bears is to refrain from doing anything on or to the sidewalk which would cause or contribute to a vice or defect. Carpenter, supra. There is no duty to "inform" or "notify." A responsible or concerned property owner should undertake notification of the City of a damaged or defective sidewalk, curb, or street, but is under no legal duty to do so.
II. DUTY TO WARN PLAINTIFF and
III. DUTY TO MAINTAIN SAFE ENTRANCE AND EXIT TO STORE
Plaintiff also argues that defendant had a duty to warn her of the dangerous condition of the sidewalk and also to maintain a safe entrance and exit to the store.
There is no doubt that defendant owes a duty to plaintiff by virtue of their business/invitee relationship. This duty is the exercise of reasonable care to protect the invitees from injury while on their premises. E.g. Miguez v. Urban Developments, Inc., 451 So.2d 614 (La.App. 5th Cir.1984). The question before us now is whether this duty encompasses requirements that defendant warn plaintiff about the curb/sidewalk not in the "garde" of the owner and to maintain a safe entrance and exit to the store. Stated differently: Does a store's duty to protect its invitee extend to correct or warn about a danger not located on the property?
In reaching our decision, we have considered two general rules: First, a landowner is usually not liable for injuries which occur from defects on adjacent property. Jones v. Gillen, 504 So.2d 575, 579-580 (La.App. 5th Cir.1987). Second, although there is no duty to protect another person from possible danger, a business must protect its invitee while on the premises. See Banks v. Hyatt Corp., 722 F.2d 214 (5th Cir.1984); Restatement (Second) of Torts Section 314A comment C (1965).
Although a few courts have found that the duty to protect invitees may extend to adjacent property, we find them distinguishable from this case. In most cases, the injury occurring on adjacent property was caused by some action on the part of the defendant. Arata v. Orleans Capital Stores, 219 La. 1045, 55 So.2d 239 (1951); Lowe v. Thermal Supply of Shreveport, Inc., 242 So.2d 351 (La.App. 2d Cir.1970). In Banks, supra, which involved the criminal act of a third party, the relationship was that of an innkeeper/guest, and the court noted that the adjacent property was the entrance to the business premises, the safety of which is included in the business's duty to protect. Catalano v. Walgreen's Corp., 470 So.2d, 904, 906 (La.App. 4th Cir.1985). Furthermore, defendant in Banks had undertaken protection of its guests by providing security, determined by the court to be inadequate; "[a] duty of protection which has been voluntarily assumed must be performed with due care." Harris v. Pizza Hut of La., Inc., 455 So.2d 1364, 1369 (La.1984).
*430 The curb/sidewalk area is not within the entrance/exit of defendant's store. Defendant did not cause the defect in the sidewalk about which plaintiff complains. The duty imposed on a defendant storekeeper under the duty risk analysis used in Louisiana does not protect a plaintiff against the risk that he or she may be injured while off the business premises, unless defendant has created the hazard which causes the injury. See Dixie Drive It Yourself Sys. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Summary judgment is appropriate when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.Civ.Pr. art. 966. There are no questions of fact relevant to our decision; whether a duty exists is a question of law. Harris, supra at 1371. Because we have decided that defendant's duty did not encompass the risk of plaintiff's injury, the granting of summary judgment was correct.
For the foregoing reasons, the decision of the trial court is affirmed; all costs to be borne by plaintiff.
AFFIRMED.