DUFRESNE, Judge.
This is an appeal by Antoinette and Kenneth Toups, plaintiffs-appellants, from a summary judgment in favor of Rainbow Oldsmobile Co., Inc., defendant-appellee, in an action for personal injuries. Because we find that there remain disputed issues as to material facts, we set aside the judgment and remand the case for further proceedings.
The alleged facts are that Antoinette and her husband Kenneth went to Rainbow’s used car lot after hours to look at cars. While there, Antoinette stepped into a hole in Rainbow’s driveway where a portion of a grate was missing, and injured herself. Suit was filed against Rainbow alleging that it had breached its duty to plaintiffs in not warning pedestrians of the dangerous condition and in not correcting the condition. Rainbow submitted the affidavit of a surveyor and a plat, showing that the hole with the missing grate was actually on the sidewalk adjoining Rainbow’s leased property, some three or four inches from their property line.
Rainbow moved for summary judgment urging that because there was no dispute that the hole was not on its leased property, it could not be liable to plaintiffs as a matter of law. They now advance that same argument here.
In Jones v. Gillen, 504 So.2d 575 (La.App. 5th Cir.1987) a panel of this court addressed the issue of a landowner’s liability for injuries occurring on an adjoining property. After reviewing the jurisprudence on this point, the court concluded that “a defendant cannot escape liability by the mere fact of his status as a non-owner” (at 579), and held that the proper inquiry is instead whether such a defendant was negligent under the facts of the case using the duty-risk analysis.
The allegations in the case before us are that Antoinette fell in a hole in Rainbow’s driveway which it negligently failed to repair, and for which it did not provide warn *696 ings to patrons. Implicit in these allegations is that Rainbow did or should have exercised control over this means of ingress and egress to its business through which it would obviously expect its patrons to pass.
Rainbow denied in answer that it had custody or control over the property, or that it had any duty to maintain it in any way. The affidavit and plat submitted in support of its motion for summary judgment merely establish that the hole was not on property owned or leased by Rainbow. Those papers say nothing about whether the hole was in the driveway, or whether Rainbow did or should have maintained it. Plaintiffs allege these matters and defendant denies them. In this circumstance, there is clearly a dispute as to material facts, and summary judgment should not have been granted.
For the above reasons, we reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED