hBARRY, Judge.
Julieanne Hartman appeals a partial summary judgment as to strict liability granted to a landowner, Charles Applewhite and his insurer, Continental Casualty Company, in a suit for damages resulting from a fall.
Hartman alleged that on March 27,1990 at about 10:00 p.m. she fell as she “was crossing to her car parked in a lot located on the property owned” by Applewhite. She sued Applewhite and the City of New Orleans under theories of strict liability and negligence. The City answered and cross claimed against Applewhite for failure to repair and maintain the parking lot and to provide proper lighting. Hartman also sued the Sewerage and Water Board on the basis that it had installed and/or constructed a steel plate over a drainage ditch covered with asphalt and/or concrete and failed to properly maintain the grating and asphalt covering.
Appellate courts review a summary judgment de novo and use the same criteria as the trial court. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993); Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Summary judgment is proper if the pleadings, admissions, depositions and supporting affidavits show there is no issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966B; Barham & Churchill v. Campbell, 503 So.2d 576 (La.App. 4th Cir.1987), writ denied, 503 So.2d 1018 (La.1987).
Applewhite and Continental Casualty moved for a partial summary judgment on the issue of strict liability. They attached the deposition of Applewhite who testified that he owned the building at the corner of Maple and Cherokee Streets for about twenty years and it was rented to the Camera Shop and Squirrel Cage. He maintained the parking lot. Applewhite stated that the grate (with concrete/asphalt covering a portion) was in place when he purchased the property. He said that there was a lower area where water could stand after a rain. However, the grate area was located in “an exit from the street” and was not his responsibility. Attached to the deposition were xeroxed copies of photographs.
Applewhite and Continental Casualty also attached the deposition of John Walker, a surveyor, who identified sketches made on April 27, 1992 and his survey dated April 30, 1992. The grate was not on Applewhite’s property; it was on part of the right of way for the street. Walker stated the “grate” was an iron plate that was placed over ditches so that pedestrians and vehicles could cross over. The grate was located 9.98 feet from Applewhite’s property and in the street right of way.
Hartman argued that a hole created by deterioration of the concrete covering the grate was in a driveway paved to create an entrance to Applewhite’s property. Hartman relies on Thumfart v. Lombard, 613 So.2d *1166 286 (La.App. 4th Cir.1993), writ denied, 617 So.2d 1182 (La.1993), a case in which there were two holes, one on Lombard’s private property and one on City property. It was unclear which hole caused the victim’s fall and the trial court dismissed the claim against Lombard. This Court reversed on the basis that Lombard, the abutting property owner, had paved over City property as well as his own in order to provide a parking lot and driveway. Lombard was liable as an abutting property owner who helped to create the hazard by paving the City’s property.
Under the established jurisprudence an abutting property owner is not strictly liable for an injury caused by a defect in an adjoining sidewalk and street unless the property owner helped create the defect. Thumfart, 613 So.2d at 287; Houssiere v. Lafayette Insurance Company, 559 So.2d 903 (La.App. 4th Cir.1990).
Although Hartman argued that Applewhite benefited from the paved driveway, she did not dispute Walker’s survey and testimony that the grate where the accident occurred was located 9.98 feet from Applewhite’s property line. There is no allegation that Apple-white had paved the area where the accident occurred. He testified that the street and grate were there when he purchased the corner property.
The summary judgment is affirmed.
AFFIRMED.