I í MURRAY, Judge.
Julieanne Hartman appeals the grant of summary judgment dismissing her negligence action against Charles W. Applewhite.
Between 9:30 and 10:00 p.m. on March 27, 1990, Julieanne Hartman was walking to her car which was parked in a lot at the corner of Cherokee and Maple Streets in uptown New Orleans. The lot, which was owned by the defendant, Charles W. Applewhite, served a small shopping area. As Ms. Hartman approached the lot her right foot slipped on a piece of metal grating and her left foot hit the edge of concrete that partially covered the grating, causing her to fall on her left knee and hand. She filed suit against Mr. Applewhite and the City of New Orleans, alleging strict liability and negligence.
Finding that the accident did not occur on Mr. Applewhite’s property, the trial court granted partial summary judgment and dismissed the strict liability claims against him. This court affirmed that judgment in Hartman v. Applewhite, 93-2452 (La.App. 4 Cir. 5/17/94); 637 So.2d 1164 (La.App. 4 Cir. 1994).
The trial court subsequently granted summary judgment in favor of Mr. Applewhite and his insurer, dismissing the negligence claims against them. This appeal followed.
|2Ms. Hartman contends that summary judgment was not appropriate in this negligence case because it involves a determination of whether Mr. Applewhite’s conduct constituted a tort, which determination involves several factual disputes. Ms. Hartman also argues that the trial court erred in applying cases involving residential sidewalks when this case involved a driveway used for commercial purposes. We disagree.
When reviewing a trial court decision granting summary judgment, appellate courts consider the evidence de novo, applying the same criteria used by trial courts to determine whether summary judgment is appropriate. Schroeder v. Board of Supervisors, 591 So.2d 342 (La.1991). Thus, the appellate court must make an independent determination of whether “the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ.Proc. art. 966(B). Summary judgment must be reversed unless the reviewing court finds that the mover proved both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979); Transworld Drilling v. Texas General Petroleum Co., 524 So.2d 215 (La.App. 4 Cir.1988). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Schroeder, 591 So.2d at 345. Additionally, all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. Id.
Ms. Hartman contends that there was a factual dispute as to two material issues: (1) whether Mr. Applewhite assumed responsibility for maintaining the area where she fell; (2) whether Mr. Applewhite contributed to the deterioration of the area.
Mr. Applewhite offered his deposition testimony, as well as that of Ms. Hartman and John E. Walker, a civil engineer, in support of the summary judgment motion. Ms. Hartman offered portions of Mr. Apple-white’s deposition testimony in opposition to the motion.
It is uncontroverted that the area where Ms. Hartman slipped and fell was on the street right of way, approximately 9.98 feet from Mr. Applewhite’s property. There is nothing in the record to support the claim *105 that Mr. Applewhite assumed the responsibility for maintaining this |3area. He testified that he maintained the parking area, but it was his understanding that the City was responsible for maintaining the area adjacent to his property.
Mr. Applewhite testified that he had owned the property for approximately twenty years, and that the metal grating and concrete were in place when he bought the building. He inspected his property once or twice a year, in response to calls from his tenants, and he believed that the area where Ms. Hartman fell had not changed since he bought the property.
Mr. Walker and Ms. Hartman acknowledged that the area where Ms. Hartman fell provided access from the street to the parking lot. In fact, Mr. Walker referred to it as a “driveway.” While it is possible, as Ms. Hartman claims, that traffic from cars accessing Mr. Applewhite’s parking lot over the years could have contributed to the condition of the driveway area, there is no evidence to support this claim.
Ms. Hartman also complains that the trial court erroneously relied on cases dealing with residential sidewalks rather than a commercial driveway. She cites Murphy v. City of New Orleans, 537 So.2d 1183 (La.App. 4 Cir.1988) in which this court held an abutting property owner liable for injuries sustained on public property finding that the abutting property owner contributed to the defects thereon. However, Murphy and the other eases cited by appellant are factually distinguishable. In Murphy the record disclosed that London Lodge (the' adjacent property owner) was aware of the hole, took remedial measures, and had knowledge of an earlier accident. Moreover, Murphy involved a strict liability claim. In this case, unlike Murphy, there is no evidence that Mr. Ap-plewhite took corrective measures or that he had knowledge of any previous incidents involving this location.
In Morales v. Tetra Technologies, Inc., 608 So.2d 282 (La.App. 3 Cir.1992), writ denied 610 So.2d 818 (La.1993), another ease relied upon by Ms. Hartman, there was testimony that proved that the onset of deterioration of the parking area was directly related to the defendant’s use. There is no such evidence in this case.
Ms. Hartman also cites Toups v. Rainbow Oldsmobile Co., Inc., 538 So.2d 695 (La.App. 5 Cir.1989), writ denied 543 So.2d 7 (La.1989) as authority for the proposition that “a defendant cannot escape liability by the mere fact of his status as a non-owner.” Toups held that the proper inquiry is whether such a defendant was negligent under the facts of the case fusing the duty-risk analysis. There is no evidence that Mr. Applewhite did anything to create or contribute to the creation of the condition that caused Ms. Hartman to fall.
Based on the evidence presented, the trial court correctly found that Mr. Applewhite and his insurer had borne their burden of showing that no genuine issue of material fact existed, and that they were entitled to judgment in their favor as a matter of law. The summary judgment is affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.