| ;>Judge Pro Tempore MOON LANDRIEU.
Plaintiff, Onyx P. Garner, Jr. M.D. (hereinafter “Dr. Garner”), appeals the trial court’s grant of summary judgment in favor of defendants, Tenet Health System Memorial Medical Center, Inc. and Memorial Medical Center-Mercy Campus (hereinafter “MMC”).
For the following reasons, we affirm the judgment of the trial court.
STATEMENT OF FACTS AND PROCEDURAL HISTORY:
Dr. Garner is a plastic and reconstructive surgeon practicing in New Orleans with staff privileges at MMC. On May 13, 1999, Dr. Garner left MMC and was heading toward his vehicle when he sustained serious injuries in a fall. Dr. Garner’s vehicle was parked across Bienville Street from MMC in a lot provided by MMC as a courtesy to their physicians. Physicians were not required to park in this lot, as other parking options were available, i.e. free valet service offered to physicians or *1231 parking on the street. At the time of the accident, Dr. Garner crossed the two westbound lanes of Bienville Street, stopped on the median, and then began crossing the eastbound lanes of Bienville Street when he tripped on a slightly raised section of concrete in the street.
|sDr. Garner testified that when he exited the hospital ramp, he did not cross the street at the point where he normally crossed due to some shrubbery he thought had been recently planted in that area. Instead, Dr. Garner crossed the street a few feet over from his usual path to the parking lot. There was no designated crosswalk where Dr. Garner usually crossed or where he crossed on the day of the accident. Dr. Garner admitted that he chose not to use the closest crosswalk, which was located approximately 100 feet away, at the corner of Bienville Street and Jefferson Davis Parkway.
Dr. Garner filed a petition for damages on May 12, 2000 against MMC and the City of New Orleans. On April 4, 2003, MMC filed a motion for summary judgment. Judgment was granted on July 14, 2003, dismissing MMC with prejudice. This timely appeal followed.
DISCUSSION:
Dr. Garner submits that summary judgment is inappropriate in this case because genuine issues of material fact exist as to MMC’s negligence. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Potter v. First Federal Sav. and Loan Ass’n of Scotlandville, 615 So.2d 318, 325 (La.1993); Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Because the mover has the burden of establishing that no material factual issue exists, inferences to be |4drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. Potter, 615 So.2d at 325; Schroeder, 591 So.2d at 345.
Jurisprudentially, a landowner is not usually held liable for injuries that occur from defects on adjacent property except when the defect is caused or created by the adjacent property owner. Ehrman v. Holiday Inns, Inc., 94-0312 (La. App. 4 Cir. 3/29/95), 653 So.2d 732; Hartman v. Applewhite, 94-2630 (La.App. 4 Cir. 11/16/95), 665 So.2d 103. It is also recognized, however, that a particular defendant cannot escape liability by the mere fact of his status as a non-owner. Toups v. Rainbow Oldsmobile Co., Inc., 538 So.2d 695 (La.App. 5th Cir.1989). The question is whether the defendant was negligent in any manner. In order to make that determination, the duty-risk analysis must be employed which requires an examination of four factors: 1) whether the defendant’s conduct was a cause in fact of the accident; 2) whether the defendant owed a legal duty encompassing the particular risk of harm to which the plaintiff was exposed; 3) whether the defendant breached that duty; and 4) what damages the plaintiff sustained. Forest v. State, Through Louisiana Dept. of Transp. and Development, 493 So.2d 563, 569 (La.1986); Jones v. Gillen, 504 So.2d 575, 579-80 (La.App. 5 Cir.1987).
It is uncontroverted that Dr. Garner fell on a public street. In George v. Western Auto Supply Co., Inc., 527 So.2d 428 (La. App. 4th Cir.1988), this court addressed the duty owed by a business establishment *1232 to its invitee who was injured on the adjacent curb/sidewalk. We held that the adjoining property owner had: 1) no duty to notify the city of defects in the sidewalk; 2) no duty to warn the plaintiff of defects in the sidewalk; and 3) no duty to maintain a safe entrance/exit to its | sstore that extended to the city sidewalk in front of the store. See also, Monteleon v. City of New Orleans, 617 So.2d 49, 50 (La.App. 4th Cir.1993). In George, we reiterated our holding in Carpenter v. State Farm Fire and Cas. Co., 411 So.2d 1206, 1211 (La.App. 4th Cir.1982), that the only duty a property owner bears is to refrain from doing anything on or to the sidewalk which would cause or contribute to a vice or defect.
In the present case, Dr. Garner’s accident happened on a public street and was caused by a condition that MMC did not create or contribute to. Dr. Garner testified in his deposition that as he was taking his first or second step down off the raised median, he heard the sound of a car engine to his right. As he looked up to see if a car was coming toward him, his foot was caught on a fixed piece of concrete in the street, causing him to fall. Even if as alleged, Dr. Garner took an alternate route across the street due to recent landscape changes, we find that to be too remote from Dr. Garner’s fall to be the legal cause.
After analyzing the facts of this case under the duty-risk analysis, we do not find any basis upon which to find MMC negligent. Further, after a thorough review of the record, we find no material issues of fact.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.