982 So.2d 204 (2008)
Brian HAMMOND and Ashlee Hammond
v.
PLAQUEMINES PARISH, River Rental Tools, Inc., Gulf Insurance Group and Marie C. Amedee.
No. 2007-CA-0782.
Court of Appeal of Louisiana, Fourth Circuit.
March 19, 2008.
*205 James B. Guest, Kenner, LA, for Plaintiffs/Appellants.
Lyon H. Garrison, Sean E. Rastanis, Garrison Yount Lormand Forte & Mulcahy, L.L.C., New Orleans, LA, for River Rental Tools, Inc., Gulf Insurance Group and Marie C. Amedee.
(Court composed of Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
This appeal arises from the trial court's granting of summary judgment in favor of defendants/appellees, River Rental Tools, Inc. (River Rental) Marie Amedee and Gulf Insurance Group (Gulf Insurance).
*206 On August 27, 2003, Brian Hammond was removing a ladder from a work truck in the parking lot of River Rental, located at 109 Derrick Road, Belle Chasse, Louisiana, when he allegedly stepped onto a broken storm drain cover. Mr. Hammond has alleged injuries related to this incident and subsequently filed suit against Plaquemines Parish, River Rental, Gulf Insurance Group, Marie Amedee and Technical Repair Services.[1]
The petition for damages in this matter was filed on August 26, 2004, on behalf of Brian Hammond and his wife Ashlee Hammond (hereinafter referred to collectively as the Hammonds) alleging the negligence of Plaquemines Parish the owner of the property where the drain was located. It was further alleged that River Rental and Ms. Amedee had "custody of or adopted the Plaquemine [sic] Parish property." On October 30, 2006, River Rental, Marie Amedee and Gulf Insurance filed a motion for summary judgment.
Evidence submitted in support of the motion for summary judgment indicated that River Rental and Marie Amedee did not own the property where the drain was located, nor did they install the drain. By judgment dated March 23, 2007, the trial court granted these defendants' motion for summary judgment. This appeal followed.
On appeal the Hammonds raise three assignments of error. First, they contend that the trial court erred in granting the motion for summary judgment because genuine issues of material fact exist as to whether defendants, and particularly, River Rental, had custody or garde of the broken storm drain cover. Further, the Hammonds argue that the motion for summary judgment was incorrectly granted because there are genuine issues of material fact as to whether River Rental contractually assumed the duty to maintain the storm drain located on the Parish's property. Lastly, the Hammonds contend that the trial court erred in finding that defendants did not have a legal duty that encompassed Mr. Hammond's risk of harm.
This Court reviews the granting of summary judgment de novo, using the same criteria as the trial court. This standard of review requires the appellate court to look to the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to show that there is no genuine issue as to a material fact, and that the mover is entitled to a judgment as a matter of law. La. C.C.P. art. 966(B). In order to prevail on a motion for summary judgment, the movant must show that no genuine issues of fact exist to establish the allegations set forth against the movant. "Whether or not a true `material fact' exists . . . is based on whether [it is] a fact `whose existence or nonexistence may be essential to appellant's cause of action under the applicable theory of recovery, i.e. one that would matter on trial of the merits.'" Moody v. City of New Orleans, XXXX-XXXX (La.App. 4 Cir. 9/13/00), 769 So.2d 670, 671.
According to the record, the storm drain in question was installed by A.J. Quartana on Plaquemines Parish's property which is adjacent to River Rental's parking area. A.J. Quartana is the owner of Technical Repair Services, Inc. Technical Repair Services is located next to River Rental. Thus, River Rental, Ms. Amedee and Gulf Insurance argued that they are not liable to a third party who is injured by a defect on adjacent property if they did not cause the defect and did not have custody and *207 control of the adjacent property. The trial court agreed.
As a general principle "a landowner is not usually held liable for injuries which occur from defects on adjacent property." Baker v. Murphy Oil USA, XXXX-XXXX (La. App. 4 Cir. 4/10/02), 816 So.2d 329 citing Jones v. Gillen, 504 So.2d 575, 579 (La. App. 5 Cir.1987). See also Pettis v. Hibernia National Bank, 648 So.2d 27 (La.App. 4 Cir.1994). In Baker, the plaintiff was walking on the side of Judge Perez Highway near the Murphy Oil Refinery when she fell into a ditch adjoining Murphy's property, and was injured. The plaintiff sued Murphy alleging that as an adjoining landowner Murphy[2] was responsible for her injuries. The trial court dismissed the plaintiff's claims on summary judgment. This Court affirmed that ruling finding that Murphy neither owned, nor had the care, custody (garde) or control of the drainage ditch.
The Hammonds claim that a commercial business which exercises supervision and control, and derives a benefit over property belonging to another has custody or garde of that property and can be liable for negligence. In asserting this argument the Hammonds cite to Louisiana Civil Code articles 2317 and 2317.1.[3]
This Court discussed the issue of custody of a defective object in Ehrman v. Holiday Inns, Inc., 94-0312, pp. 4-5 (La. App. 4 Cir. 3/29/95), 653 So.2d 732, 736.
Under La.C.C. art. 2317 strict liability is based on the relationship between the party (parties) with custody and the thing posing an unreasonable risk of harm to others. The article imposing liability is based on custody and not ownership. This court stated:
Custody, distinct from ownership, refers to a person's supervision and control (garde) over a thing imposing an unreasonable risk of harm. Our Louisiana Supreme Court has recently used a two part test in determining whether the defendant has custody. First, the defendant should have a right of direction and control over the thing. Second, a court should examine what, if any, kind of benefit the defendant derives from the thing.

Holiday Inns citing Thumfart v. Lombard, 613 So.2d 286, 290 (La.App. 4 Cir. 1993) (citations omitted).
The Hammonds rely on the Thumfart, supra opinion to support their claim that River Rental had custody and garde over the property where the storm drain is situated. In Thumfart, the abutting landowner obtained a servitude over property owned by the City of New Orleans, then paved over it for his own private use as a *208 parking lot. Under those circumstances the Court determined that adjacent landowner exercised control and custody of the property, while deriving a benefit from the property. Therefore, the adjacent landowner was found to be strictly liable for defects on the City's property.
The facts of Thumfart are vastly different from the case sub judice. There was no evidence in the record to establish that River Rental or Ms. Amedee created the defect. Thus, applying the two part test to establish custody, this Court looks to the right of direction and control over the thing. River Rental's parking lot abuts the shoulder of the Parish road. Other than the obvious fact that vehicles must drive over the shoulder of the road to turn into the premise's parking lot, there is no evidence to suggest any type of control or guard over that portion of land or more specifically the storm drain on that land. Further, there was no evidence that River Rental adopted the Parish's right of way, the fact that vehicles pass over the shoulder of the road to enter the property does not in and of itself prove to be a benefit specific to this business owner.
The Hammonds introduced the lease between Ms. Amedee and River Rental to establish that River Rental had contractually assumed a duty to maintain the storm drain. However, as stated by the trial court in its reasons, the area where the storm drain is located abuts the end of the parking lot, but is clearly Plaquemines Parish property and there was nothing to evidence that River Rental or Ms. Amedee obtained a right of way over the property. Under the facts and circumstances of the case before us this Court does not find that the lessee's maintenance obligation extended to the Parish's property.
The Hammonds further contend that River Rental owed a legal duty to its invitees encompassing the maintenance of the storm drain. Again, a landowner is not usually held liable for injuries that occur from defects on adjacent property except when the defect is caused or created by the adjacent property owner. However, we do recognize, that a particular defendant cannot escape liability by the mere fact of his status as a non-owner. Toups v. Rainbow Oldsmobile Co., Inc., 538 So.2d 695 (La.App. 5 Cir.1989). The question is whether the defendant was negligent in any manner. In order to make that determination, the duty-risk analysis must be employed which requires an examination of four factors: 1) whether the defendant's conduct was a cause in fact of the accident; 2) whether the defendant owed a legal duty encompassing the particular risk of harm to which the plaintiff was exposed; 3) whether the defendant breached that duty; and 4) what damages the plaintiff sustained. Forest v. State, Through Louisiana Dept. of Transp. and Development, 493 So.2d 563, 569 (La.1986); Jones v. Gillen, 504 So.2d 575, 579-80 (La.App. 5 Cir.1987); Garner v. Memorial Medical Center, 2003-2015 (La.App. 4 Cir. 4/14/04), 872 So.2d 1229.
In George v. Western Auto Supply Co., Inc., 527 So.2d 428 (La.App. 4 Cir.1988), this court addressed the duty owed by a business establishment to its invitee who was injured on the adjacent curb/sidewalk. The court held that the adjoining property owner had: 1) no duty to notify the city of defects in the sidewalk; 2) no duty to warn the plaintiff of defects in the sidewalk; and 3) no duty to maintain a safe entrance/exit to its store that extended to the city sidewalk in front of the store. See also, Monteleon v. City of New Orleans, 617 So.2d 49, 50 (La.App. 4 Cir.1993). In George, the Court reiterated its holding in Carpenter v. State Farm Fire and Cas. Co., 411 *209 So.2d 1206, 1211 (La.App. 4 Cir.1982), that the only duty a property owner bears is to refrain from doing anything on or to the sidewalk which would cause or contribute to a vice or defect.
On the other hand, this Court's opinion in Holiday Inns, supra did find an adjacent landowner had a duty to maintain the sidewalk in front of its entrance. In that case evidence was presented which established that the employees of the Holiday Inn acknowledged the problem of a build up of a slippery and greasy substance in front of the entrance. The employees further testified that they were instructed to wash the entrance way daily and degrease it weekly. Those facts are distinguishable from the case sub judice. This record is void of any evidence regarding past maintenance of the storm drain or the area in which the drain is located.
Accordingly, for the reasons set forth, we find the trial court was correct in granting the motion for summary judgment in favor of River Rental Tools, Inc., Gulf Insurance Group and Marie C. Amedee.
AFFIRMED.
NOTES
[1] Technical Repair Services was added by a First Supplemental and Amending Petition.
[2] Murphy was actually the lessee of the property where the accident occurred. However, the St. Bernard Parish Police Jury granted a right of way servitude on a portion of the leased land to the DOTD, prior to Murphy's lease, for installation of the ditch.
[3] Art. 2317. Acts of others and of things in custody

We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.
Art. 2317.1. Damage caused by ruin, vice, or defect in things
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.