ST. PAUL, J-
 

 The town of South Highlands, now a part of the city of Shreveport, paved Line avenue, and, in order to allow the passage ,of the surface waters beneath said avenue, placed two culverts under the roadway, which culverts discharge said waters upon the property of one Miss Woodley. The waters meet near by and then form one stream, which has opened for itself a sort of natural drain or ditch which continues over the property of Miss Woodley and thence across the property of plaintiff.
 

 This is an action for an injunction to restrain the city of Shreveport from continuing to discharge said waters in said manner across plaintiff’s property.
 

 The general rule is that a municipality cannot, without rendering itself liable for the resulting damage, exercise its right to construct drains or sewers and grade or otherwise improve streets so as to collect surface water in artificial channels and discharge it in increased quantities, or in new and destructive currents, upon private property. It is the duty of the municipality to take care of the water so accumulated if reasonably practicable. 43 Corp. Jur. p. U45, verbo “Municipal Corporations,” § 1905.
 

 We do not think article 660, Rev. Cdv. Code, authorizes-the municipality to dispose of drainage in the manner here complained of. That article provides that a lower estate is. obliged to receive the waters which run naturally from the estate situated aboye, but “the proprietor above can do nothing whereby the natural servitude due by the estate below may be rendered more burdensome.”
 

 It is true that this court has repeatedly held, in the interest of agriculture, that the proprietor of an upper estate may ditch his farm or plantation for agricultural purposes, even though the incidental effect of such ditching may increase the rapidity of the flow when it reaches the lower estate. Guesnard v. Bird, 33 La. Ann. 796; Ludeling v. Stubbs, 34 La. Ann. 935; Broussard v. Cormier, 154 La. 880, 98 So. 403. In other words, the proprietor of an upper estate may make such works as tend to
 
 accelerate
 
 and hasten- the drainage of his own lands beyond the natural slow process. But he can do nothing which would tend to throw upon the lower estate the burden of receiving waters which would hot otherwise drain upon it. Petit Anse Coteau Drainage District v. Youngsville Drainage District, 146 La. 161, 83 So. 445.
 

 In our opinion this last is precisely what the municipality is now doing. All the lands on the other side of Line avenue drain naturally towards the lot of Miss Woodley, the lot of plaintiff, and other lots on that side of the avenue; .and hence each would naturally receive its due proportion of the surface waters if allowed to flow naturally. But the paving of Line avenue has interfered with this natural flow and concentrated the waters at or near the lots of Miss Woodley and of plaintiff, and hence the opening of these two culverts opposite Miss Woodley’s lot has resulted in making her lot and plaintiff’s lot receive an undue proportion of the surface drainage from the other side of Line avenue.
 

 
 *55
 
 We think the trial judge correctly found for the plaintiff.
 

 The judgment appealed from is therefore affirmed.