O’NIELL, Chief Justice.
 

 The plaintiff has appealed from a judgment dismissing this suit on an exception of no cause of action. The suit is for damages and for an abatement of an alleged nuisance, causing injury to the plaintiff’s property.
 

 The complaint is that, through negligence in the operation and control of the city’s sewerage system, the sewage is forced back through the toilets on the plaintiff’s premises at frequent and irregular intervals, so as to render the premises not fit to live in. It is alleged that plaintiff owns twenty houses on five adjoining lots, which have been rented to tenants, and that the value of the property has been greatly diminished by the fact that, through negligence in the management of the municipal sewerage system, the sewage has backed up into the toilets and overflowed on the floors of the houses, fifteen or twenty times during the last year, rendering the houses filthy, malodorous, and unsanitary. It is alleged that the municipal authorities have been duly notified of these conditions, by the plaintiff, and that repeated written demands have been made upon the proper authorities of the city, to remedy the conditions, and that the complaints have had no attention at the hands of the municipal authorities. It is alleged that the plaintiff has spent several hundred dollars installing mechanical contrivances, called “gate valves,” in the laterals which connect plaintiff’s premises with the main line of the city sewerage; and that these contrivances have failed to remedy the condition. It is alleged that the exact cause of the trouble is not known to the plaintiff, but that the municipal authorities know, or ought to know, and are under a duty to know, the cause of the trouble, and to remove it. It is alleged, as a matter of belief on the part of the plaintiff, that the sewer main which passes by plaintiff’s property does not operate by the force of gravity but by means of pumps, and that the agents and employees of the city are guilty of negligence in the operation of the pumps, or in the failure to operate them properly and successfully.
 

 The argument on behalf of the city is that the allegations of the plaintiff’s petition amount to nothing more than a complaint that a mistake of judgment on the part of the municipal authorities, in the plan and method of operation of the sewerage system, is the cause of the trouble which the plaintiff complains of. But the plaintiff really charges negligence on the part of the municipal authorities, and
 
 *981
 
 the charges seem to he as specific as it is possible for the plaintiff to .make them, under the circumstances. According to the allegations of the petition the case is one where res ipsa loquitur applies. The doctrine is defined in the Law Dictionary by James A. Ballantine [1129] thus:
 

 “Where that which causes an injury is under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management and control use proper care, it affords reasonable evidence, in the absence of explanation, that the accident is the result of the want of care. See 9 R. C. L. 1259, 20 R. C. L. 185.”
 

 The doctrine is stated substantially the same in 45 C. J. p. 1193, § 768, and was applied in Lykiardopoulo v. New Orleans & Carrollton Railroad, Light & Power Co., 127 La. 309, 53 So. 575, Ann. Cas. 1912A, 976.
 

 The rule concerning the liability of municipal corporations in cases of this kind is that a municipality is not liable for damages caused to individuals or their property by any defect or inadequacy in the plan of construction of a sewerage or drainage system, but is responsible for damages caused to individuals or their property by negligence in the maintenance or operation of a sewerage or drainage system. McQuillan on Municipal Corporations (2d Ed.) vol. 4, §§ 1559, 1568, and vol. 6, §§ 2866, 2869. The rule is stated by the Supreme Judicial Court of Massachusetts, by Chief Justice Rugg, in Pevear v. City of Lynn, 249 Mass. 486, 144 N. E. 379, 380, thus:
 

 “The law governing actions of this nature is settled. A municipality is not responsible for damages which accrue to individuals through any defect or inadequacy in the plan of its system of sewers, because that is established by public officers acting not as its agents, but in a quasi judicial capacity for the benefit of the general public. A municipality is responsible for damages which accrue to individuals through negligence in the construction, maintenance or operation of its system of sewers because that system when constructed becomes the property of the municipality; no one else can interfere with it and its care and continuance devolve wholly upon the municipality through such agents as it may select.”
 

 Whether the plaintiff is entitled to damages in this case, or to an abatement of the alleged nuisance by injunction, if he is entitled to any relief, is a matter which cannot be determined in advance of a trial of the case on its merits. Plaintiff has asked for both damages and relief by injunction. In some instances the injunction is deemed to be the appropriate relief; and in other instances it is deemed too harsh, because of its serious and far-reaching effect. These are matters to be determined after a hearing of the facts of the case. It
 
 *983
 
 is sufficient to say that the plaintiff has set forth a cause of action.
 

 The judgment is set aside, the exception of no cause of action is overruled, and the case is ordered remanded to the district court to be proceeded with on its merits. The defendant, appellee, is to pay the costs of this appeal; the question of liability for the other court costs is to abide the final disposition of the case.
 

 BRUNOT, HIGGINS, and FOURNET, JJ., concur in the decree.
 

 LAND, J., dissents.