383 So.2d 484 (1980)
Frank M. PENNEBAKER, Imperial Associated Contractors, Inc., Venice Bus Lines Inc. and MCS Industries, Inc.
v.
The PARISH OF JEFFERSON.
No. 10598.
Court of Appeal of Louisiana, Fourth Circuit.
April 17, 1980.
*485 Denis Paul Juge, Gordon F. Wilson, Jr., Dodge, Friend, Wilson & Spedale, New Orleans, for plaintiffs-appellants.
Gerard M. Dillon, Dillon & Cambre, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON, GULOTTA, SCHOTT and CHEHARDY, JJ.
SCHOTT, Judge.
Plaintiffs have appealed from a dismissal of their suit on an exception of no cause of action filed by defendant. Plaintiffs sued for damages to their property from flooding, and the sole issue is the sufficiency of their pleadings to state a cause of action.
Plaintiffs allege in their petition as follows: They are the owners and tenants of real property in Jefferson Parish and beginning in 1972, their property began to flood. They complained to the Parish Drainage Department and in 1974 a larger culvert was constructed under railroad tracks near their property, and for about a year they experienced no flooding. Beginning in 1975 their property began to be flooded once again and they experienced severe flooding on August 22, 1977, and in May, 1978. They allege further:
"11.
Extensive development and construction on real property and paving and overpass construction has occurred in the area where the property described above is located in the four or five years preceding the floods experienced by plaintiffs which have removed traditional areas of flooding and water absorption, accelerated water run off; and routed water to the culvert at Deckbar Avenue and the canal which it leads to which are inadequate to handle the increased flow of water.
12.
The Parish of Jefferson is liable in damages to plaintiffs under the provisions of Louisiana Civil Code Articles 660 and 667.
13.
The Parish of Jefferson is liable in damages to plaintiffs under the provisions of Louisiana Civil Code Article 2315 for the following acts of negligence:
a. improper design of the drainage system in the area;
b. failure to inspect, maintain, repair, update, and improve the drainage system;
c. failure to institute a program for coordination of street improvements, building construction, and street drainage to insure that water run off has not been accelerated or routed to the detriment of established property owners;
d. causing flooding in the area of plaintiffs' buildings and businesses;
e. allowing street improvements, building construction and street drainage without taking steps to prevent flooding."
*486 In dismissing plaintiffs' suit the trial judge distinguished the case from Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (1971), and found that a dismissal was consistent with Dufrene v. Guarino, 343 So.2d 1097 (La.App. 4th Cir. 1977) writs refused, 343 So.2d 1068, and Fusilier v. Russell, 345 So.2d 543 (La.App. 3rd Cir. 1977) writs refused, 347 So.2d 261.
In considering an exception of no cause of action every reasonable interpretation must be accorded the language of the petition in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La. 1975). The exception must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does plaintiff have a cause of action. Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975).
Applying these principles to the petition in question, we have concluded that the exception was improperly maintained. We arrive at this conclusion with full recognition that the allegations of the petition are rather vague but under the stated principles sufficient to state a cause of action under Eschete v. City of New Orleans, supra, and Chandler v. City of Shreveport, 169 La. 52, 124 So. 143 (1929).
The Eschete case held that plaintiff stated a cause of action in his allegations that the city had deliberately and therefore maliciously authorized new subdivisions, causing flooding during any ordinary heavy rainfall. While plaintiffs' petition does not contain allegations of deliberate and malicious conduct on the part of defendant, the following language of the Eschete case causes us to question that the court was implying that these magic words had to be used in order to state a cause of action:
"... The plaintiffs are seeking to hold the City, not for failing to provide adequate drainage, but for fault in adding new subdivisions, thus increasing the volume of water in the drainage area. In effect, according to the petition, the power to grant or withhold consent for new subdivisions in the Pines Village drainage area effectively controlled the volume of water being discharged in that area."
Plaintiffs' allegation in paragraph 13.c quoted above while non-specific seems sufficient to prevent maintenance of the exception of no cause of action.
Furthermore, paragraphs 11, 12 and 13.d are sufficient, albeit barely, to bring the case within the ambit of Chandler v. City of Shreveport, supra, in which the court recognized that a municipality may be liable in connection with the construction of drains, sewers and street improvements so as to collect surface water in artificial channels and discharge it in increased quantities, or in new and destructive currents, upon private property. The court found that the construction of the culverts opposite from plaintiffs' property resulted in plaintiffs receiving an undue proportion of the surface drainage from the other side of the street. While there is some merit to defendant's argument that plaintiffs' inclusion of the phrase "accelerated water runoff" would seem to negate their right of recovery under the Chandler case, in the application of the presumptions stated in the Hero Lands Company and Guillory cases, we are compelled to conclude that plaintiffs have stated a cause of action considering the petition as a whole.
In its brief and argument to this court defendant speaks of matters which might later defeat plaintiffs' claim, such as the defense that the parish is not liable for damage caused by extraordinary floods or rains. For instance, plaintiffs allege that buildings were flooded with two to three feet of water in May, 1978, and we can take judicial notice of the fact that a deluge occurred at the time in the New Orleans area and at least 90% of the metropolitan New Orleans area had flooding. Even if plaintiffs had limited their allegations to *487 damage from that flood we question whether the vehicle of an exception of no cause of action would suffice to defeat plaintiffs' claim, but even so the allegations are not so limited and speak of flooding which began around 1975 and culminated with the great flood in May, 1978. While it may be highly questionable that plaintiffs can ever prevail on the merits of this case, and while it may be possible for defendants to secure a pre-trial dismissal of plaintiffs' case by the use of some other procedural device, such as motion for summary judgment, we are dealing only with the exception of no cause of action and have concluded that it was improperly maintained.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of plaintiffs and against defendant, overruling its exception of no cause of action. The case is remanded to the district court for further proceedings. The costs of this appeal are taxed against defendant.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.
GULOTTA and CHEHARDY, JJ., dissent and assign reasons.
LEMMON, Judge, concurring and assigning reasons.
Plaintiffs alleged that the Parish improperly designed the original system and constructed streets and overpasses which worsened drainage in this particular area. These allegations, in the light of the reasons stated in my concurring opinion in McCloud v. Parish of Jefferson, La.App., 383 So.2d 477, decided this day, state a cause of action and entitle plaintiffs to an opportunity to prove their allegations at a trial on the merits.
GULOTTA, Judge, dissenting.
I respectfully dissent.
In my opinion, the allegations of the original petition do not state a cause of action. In the companion case of McCloud v. Parish of Jefferson, (La.App. 4th Cir.) 383 So.2d 477, I concurred for the reason that I felt the supplemental and amended petition stated a cause of action although the original petition did not.
In the instant case no supplemental and amended petition stating allegations required and as set forth in Eschete v. City of New Orleans, 258 La. 134, 245 So.2d 383 (La. 1971) was filed. Although I would maintain the exception of no cause of action, I would remand the matter to the trial court to afford plaintiff an opportunity to amend in accordance with LSA-C.C.P. art. 934.
CHEHARDY, Judge, dissenting.
I respectfully dissent for the reasons assigned in the case of McCloud v. Parish of Jefferson, 383 So.2d 477.