769 So.2d 670 (2000)
Shelia MOODY, Individually and on Behalf of Her Five Minor Children, Ifeythia Moody, Troy Moody, Jessica Moody Cortez and Troylynn Moody
v.
The CITY OF NEW ORLEANS, New Orleans Sewerage & Water Board, and the Housing Authority of New Orleans.
No. 99-CA-0708.
Court of Appeal of Louisiana, Fourth Circuit.
September 13, 2000.
Writs Denied November 17, 2000 and December 8, 2000.
*671 John H. Brooks, Gretna, Louisiana, Counsel for Plaintiffs-Appellants.
Harry E. Cantrell, Jr., The Cantrell Law Firm, New Orleans, Louisiana, Counsel for Defendant-Appellee.
Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY.
KLEES, Chief Judge.
Appellant, Shelia Moody, brought the instant suit for damages against the Housing Authority of New Orleans (HANO) and the Sewerage and Water Board (S&WB) following an incident of sewerage back up and flooding in her public housing apartment. Appellant now appeals from a summary judgment granted by the trial court in favor of the HANO. The trial court granted HANO's motion based on a finding that the S&WB was solely responsible for appellant's sewer back-up problem. Appellant questions the lower court's conclusion and argues that there remains an obvious material fact as to liability which warrants a trial on the merits, thereby precluding summary judgment.
According to La. C.C.P. 966(B), a motion for summary judgment is warranted if,
"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
Pursuant to La. C.C.P. 966(C)(2), the extent of what the mover of a summary judgment must prove depends on which party will bear the burden of proof at trial. In the case at hand, the movant of this motion for summary judgment, defendant HANO, would not bear the burden of proof if this case were to proceed to trial on the merits. Consequently, according to La. C.C.P. 966(C)(2), the mover need not negate all essential elements of the adverse party's claim, action, or defense, but rather need point out to the court that there is an absence of factual support of one or more elements of the claim. Once the movant negates such a necessary element(s) of the adverse party's claim, the burden then shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Lozier v. Security Transfer and Inv. Corp., 96-2690 (La.App. 4 Cir. 4/30/97), 694 So.2d 497. The effect of the legislature's 1996 amendment to La. C.C.P. art. 966 is that the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488.
The duty of a court of appeal is to review a summary judgment de novo, considering the same standards applied by the trial court in deciding a motion for summary judgment. Reynolds v. Select Properties Ltd., 93-1480 (La.4/11/94); 634 So.2d 1180. Whether or not a true "material fact" exists causing the granting of a motion for summary judgment to be improper is based on whether a fact "whose existence or nonexistence may be essential to appellant's cause of action under the applicable theory of recovery, i.e. one that would matter on trial of the merits." Moyles v. Cruz, 96-0307 (La.App. 4 Cir. 10/16/96), 682 So.2d 326, writ denied, 96-3066 (La.2/7/97), 688 So.2d 504.
Appellant's brief focuses on the issue of whether a true "material fact" does indeed exist, further suggesting that a question of fact as to liability of defendant, HANO, remains undetermined. The appellant bases her liability argument on general negligence theories and on the lessor/lessee articles of the Civil Code, i.e. La. C.C. 2692, 2693, and 2695.
In her petition filed in the trial court, appellant alleged that the cause of the sewerage back up was an uncapped sewer line on the property. In its motion for *672 summary judgment, HANO contends that the S&WB is solely liable for the backup which occurred based on problems with the pumping station in that area. In support of this argument, HANO attached to its motion the report of the S&WB investigator who stated that the cause of the problem was "due to the station being off." HANO argued that it had no custody or control over the pumping station or connecting sewer lines and therefore cannot be held liable for appellant's damages.
In opposition to this motion, appellant presented the affidavit of her neighbor, Don Johnson, who stated that he and his wife had previously reported to HANO ongoing problems with sewerage backing up in their apartment building. Further, appellant's deposition was submitted to the trial court in which she stated that prior to this incident she had reported to HANO problems with sewerage backup which she attributed to the uncapped sewer line in her area.
On appeal, HANO cites Falgout v. St. Charles Sewerage District No. 3, 351 So.2d 206 (La.App. 4th Cir.1977), 351 So.2d 206, writ denied, 353 So.2d 1047 (La.1978), as authority for holding the Sewerage and Water Board solely responsible for appellant's sewer backup problem.
In Falgout, the plaintiff's home and lawn suffered damage due to a sewage backup problem, much like the damage sustained by appellant, Shelia Moody. The Fourth Circuit held the defendant, a public municipality, liable for plaintiffs damage based on La. C.C. art. 667. The pertinent portion of this article reads as follows:
"Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him...."
The Fourth Circuit Court of Appeal in Falgout makes reference to a Louisiana Supreme Court case entitled Chandler v. City of Shreveport, 169 La. 52, 124 So. 143 (1929). In this case the Louisiana Supreme Court stated that when a municipality or governing body exercises the responsibility to construct drains and sewers, "It is the duty of the municipality to take care of the water so accumulated if reasonably practicable." Another case referred to by the Falgout court entitled Urban Land Co. v. City of Shreveport, 182 La. 978, 162 So. 747 (1935), based their holding of defendant's liability upon a finding of "negligence in the maintenance or operation of a sewage or drainage system." And lastly still, Gulf Insurance Co. v. Employers Liability Assur. Corp., 170 So.2d 125, 127 (La.App. 4 Cir. 1964), another case referred to in Falgout, held that the liability imposed under La. C.C. art. 667, "is absolute and that proof of negligence is not required in order to recover for a violation or breach thereof." These cases all conclude that, as long as the municipality is found in control of the sewer works at issue, responsibility falls solely on their shoulders for any damage that may result.
The second code article at issue is La. C.C. art. 2317.1. According to La. C.C. art. 2317.1, in order to recover under this provision,
"[a] plaintiff must prove that the thing which caused the damage was in the care, custody, and control of the defendants; the thing had a vice or defect which created an unreasonable risk of harm; and plaintiff's injuries were caused by this defect."
In the present case, HANO as the mover of this motion for summary judgment need only point out to the court that there is an absence of factual support of one or more essential elements to the adverse party's claim, due to the fact that the mover in this case does not bear the burden of proof at trial. La. C.C.P. art. 966(C)(2).
The record in this case indicates that the S&WB was notified of previous sewerage backup problems in this unit, and the Board also admits their general responsibility to provide adequate sewerage and *673 drainage facilities to the public. However, there is no evidence in the record supporting appellant's claim that HANO had custody or control over the sewer line which caused the damages herein. Further, although HANO is the owner of the appellant's apartment unit, appellant has failed to present any evidence of negligence on the part of HANO in failing to maintain the premises or to notify the S&WB of sewerage problems in appellant's unit. In fact, appellant failed to introduce any support whatsoever for her claim that the uncapped sewer line was attributable to HANO or a cause of her damages.
Finally, the appellant's lessor/lessee argument proves unpersuasive based on a lack of evidence in the record that links appellant's sewerage pipeline to the custody of HANO. Based on La. C.C. art. 2692, a lessor is bound to maintain the thing being leased "in a condition such as to serve for the use for which it is hired." However, in the case at hand the Board, not HANO, is responsible for the upkeep and maintenance of all public sewer lines. Just because the sewer lines happen to run throughout appellant's apartment is not enough to hold HANO responsible monetarily for the damage that resulted.
Based on the pleadings, depositions, answers to interrogatories, and admissions on file, the cause of appellant's damage to her apartment was due solely to a build-up in the sewage pipes based on the problems with the pumping station. As a matter of law, HANO cannot be held responsible for damage caused by underground sewage pipes and is therefore entitled to judgment in their favor.

Conclusion
Accordingly, the trial court judgment granting the motion for summary judgment in favor of the Housing Authority of New Orleans is affirmed.
AFFIRMED.