907 So.2d 164 (2005)
Donald A. PATIN and Lorraine Randolph
v.
The ADMINISTRATORS OF the TULANE EDUCATIONAL FUND, d/b/a Tulane Medical Center Hospital and Clinic and Columbia Healthcare Systems.
No. 2004-CA-2040.
Court of Appeal of Louisiana, Fourth Circuit.
June 15, 2005.
*165 Harry T. Widmann, Scott T. Winstead, Metairie, LA, for Plaintiffs/Appellants.
Kathryn M. Caraway, James P. Waldron, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for Defendant/Appellee, The Blood Center.
Michael S. Sepcich, Richard S. Crisler, Lemle & Kelleher, L.L.P., New Orleans, LA, for Defendant/Appellee, Touro Infirmary.
Stewart E. Niles, Jr., Karen M. Fontana, Niles, Salas, Bourque & Fontana, L.C., New Orleans, LA, for Defendant/Appellee, The Administrators of the Tulane Educational Fund d/b/a Tulane University Health Services Center.
(Court composed of Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
EDWIN A. LOMBARD, Judge.
The plaintiffs, Donald A. Patin and his mother, Lorraine Randolph, appeal the summary judgment rendered on August 23, 2004, in favor of defendants The Administrators of the Tulane Educational Fund d/b/a Tulane University Health Sciences Center f/k/a Tulane University Medical Center ("Tulane"), the Blood Center, and Touro Infirmary (Touro). After de novo review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court.

Relevant Facts
In August 1980, at the age of twelve, Patin received several blood transfusions during heart surgery at Tulane University Medical Center. Seventeen years later, in 1997, he was diagnosed with Human Immunodeficiency Virus ("HIV"). In January 1998, Patin and Randolph filed suit against Tulane under theories of negligence and strict liability, alleging that the blood or blood products transfused in the 1980 surgery were contaminated with HIV. By supplemental and amending petition, the Blood Center and Touro were added as defendants on the theory that they were possible sources of the purportedly tainted blood or blood products transfused during the surgery.
In May 2004, the defendants filed motions for summary judgment, arguing that they are entitled to judgment as a matter of law with respect to both the strict liability and negligence claims. After a motion hearing in July 2004, the trial judge agreed and signed a written judgment on August 23, 2004, granting the defendants' motions and dismissing the plaintiffs' claims with prejudice. In her reasons for judgment, the trial judge held that the evidence showed the defendants could not have tested blood products for HIV in 1980 because no screening test was available at that time and that, in accordance with Chauvin v. Sisters of Mercy Health System, XXXX-XXXX (La.App. 4 Cir. 5/8/02), 818 So.2d 833, the defendants are entitled to present the "unavoidably unsafe" defense in response to the plaintiffs' claim that Patin became infected with HIV by virtue of a blood transfusion in 1980.
On appeal, the plaintiffs challenge only the summary judgment with respect to their strict liability claims, arguing that the trial court erroneously relied upon the "unavoidably unsafe" defense set forth in Restatement of Torts (Second), § 402, *166 Comment (k), "because that common law concept has never been officially adopted by the Louisiana Legislature and is contrary to the controlling jurisprudence."

Applicable Law
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Two Feathers Enterprises v. First National Bank of Commerce, 98-0465 (La.App. 4 Cir. 10/14/98), 720 So.2d 398, 400. This procedure is now favored and shall be construed to accomplish those ends. La.Code Civ. Proc. art. 966 A(2).
A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to a material fact, and that the mover is entitled to judgment as a matter of law. La. Code Civ. Proc. art. 966. If the court finds that a genuine issue of material fact exists, summary judgment must be rejected. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/18/96), 684 So.2d 488, 490. Once the moving party presents a prima facie case that no genuine issues of material fact exist for trial, the party opposing the motion must "make a showing sufficient to establish existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial." La.Code Civ. Proc. art. 966(C).
In 1971, the Louisiana Supreme Court adopted the strict products liability in tort theory reflected in Restatement (Second) § 402A. Weber v. Fidelity & Cas. Co. of N.Y., 259 La. 599, 250 So.2d 754 (1971). In 1981, the Louisiana Supreme Court held that a plaintiff seeking damages for being transfused with tainted blood had a cause of action in strict liability. DeBattista v. Argonaut-Southwest Insurance Co., 403 So.2d 26, 32 (La.1981) (citing La. Civ.Code arts. 2315-2324 and Restatement (Second) of Torts § 402A: Defective Condition[1]). Shortly thereafter, the DeBattista theory of strict liability with regard to blood products was legislatively overruled by the enactment of the blood shield statutes, La. Civ.Code art. 2322.1 and La.Rev.Stat. 9:2797, and accordingly, there is no strict liability for blood transfusions which occurred after 1981.
In 1991, this court held that a strict liability claim for tainted blood transfusion which took place prior to 1981 (a "DeBattista claim") could be maintained but was subject to the "unavoidably dangerous" defense of comment (k) of § 402(A) of the Restatement of Torts (Second) § 402(A). Chauvin v. Sisters of Mercy Health System, XXXX-XXXX (La.App. 4 Cir. 5/8/02), 818 So.2d 833, 840. In such cases, we consider five factors to determine whether a blood product is unavoidably unsafe and therefore not unreasonably dangerous: (1) the nonexistence of any scientific test capable of detecting the viral agent which contaminated the blood product at the time of injury; (2) the great utility of the product; *167 (3) the lack of any substitute for the product; (4) the relatively small risk of disease being transmitted by the product; (5) whether the existence of the virus was even known at the time. Chauvin, 818 So.2d at 840 (citing Doe v. Miles Laboratories, Inc., 927 F.2d 187, 191 (4th Cir.1991) for factors (1)-(4)).

Discussion
On motion for summary judgment, the defendants assert that in accordance with the applicable Louisiana caselaw they are entitled to judgment as a matter of law on the plaintiffs' strict liability claims. In support of their motions the defendants assert that it is undisputed that HIV had not been identified in 1980 and no blood screening test for HIV existed prior to March 1985. The defendant[2], submit the affidavit of Dr. Francis R. Rodwig, Chairman of Ochsner Department of Pathology to support these statements of undisputed fact.
In response, the plaintiffs do not dispute that in 1980 the virus was unknown and there was no screening test available. Rather, plaintiffs argue that the unavoidably unsafe defense is a common law concept not available to defendants in Louisiana and that defendants' reliance on "dicta from the Supreme Court and Second Circuit and a thoroughly misguided opinion of the Fourth Circuit" (which is contrary to plaintiffs' position) is misplaced. Further, the plaintiffs allege that even if the defendants were entitled to raise the unavoidably unsafe defense because they have failed to prove that the elimination of homosexuals, anal sex participants and I.V. drug uses as donors would not have rendered the blood supply safe.
The plaintiff's disapproval of the precedential authority governing this case is inapposite; we are bound by those decisions and may not overturn the Louisiana Supreme Court or another panel of this Court. Moreover, the plaintiffs misapprehend their burden on summary judgment. The defendants established with the affidavit of Dr. Rodwig that HIV was unknown and there was no HIV blood screening test in 1980. Accordingly, the defendants presented the requisite prima facie case that no genuine issues of material fact exist for trial. On a motion for summary judgment once the mover negates a necessary element of the non-moving party's claim, the burden then shifts to the non-moving party to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment. Moody v. City of New Orleans, 99-0708, at pp. 1-2 (La.App. 4 Cir. 9/13/00), 769 So.2d 670, 671. In this case, the plaintiffs did not sustain their burden and, accordingly, summary judgment in favor of the defendants is appropriate.

Conclusion
After de novo review, we find that the defendants are entitled to summary judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
BELSOME, J., concurs in result.
NOTES
[1] Recently, the Louisiana Supreme Court observed in a footnote that the initial reliance on Restatement (Second) of Torts § 402A was questionable in light of the current nationwide development of the law on this issue and Section 19C of Restatement (Third) of Torts: Product Liability (1998) which states that "human blood and human tissue, even when provided commercially, are not subject to the rules of this Restatement." David v. Our Lady of the Lake Hospital, Inc., 2002-2675, n. 8 (La.7/2/03), 849 So.2d 38.
[2] The Blood Center adopted and incorporated Tulane's exhibits; Touro's only exhibits are the plaintiff's original and supplemental petitions.