960 So.2d 1283 (2007)
Peterson M. YOKUM and Polly Elizabeth Anderson
v.
615 BOURBON STREET, L.L.C. d/b/a The Rock, Old Opera House, Inc. d/b/a Old Opera House and Willie Mintz.
No. 2006-CA-1057.
Court of Appeal of Louisiana, Fourth Circuit.
June 20, 2007.
Rehearing Denied August 2, 2007.
*1284 Stuart H. Smith, Michael G. Stag, Kimberly Wooten Rosenberg, Catherine B. Cummins, Smith Stag, L.L.C., Barry J. Cooper, Jr., Cooper Law Firm, L.L.C., New Orleans, LA, for Plaintiffs/Appellants.
Irl R. Silverstein, Gretna, LA, for Defendant/Appellee, 615 Bourbon Street, L.L.C.
(Court composed of Chief Judge Joan Bernard Armstrong, Judge James F. McKay III and Judge Leon A. Cannizzaro Jr.).
JOAN BERNARD ARMSTRONG, Chief Judge.
The plaintiffs-appellants, Peterson M. Yokum and Polly Elizabeth Anderson appeal the April 28, 2006 summary judgment dismissal of their claim against the defendant-appellee, 615 Bourbon Street, L.L.C. ("615 Bourbon"). We affirm.
The plaintiffs own a residence located at 723 Toulouse Street in the New Orleans French Quarter. The plaintiffs complain that loud music emanating from two bars disturbed the enjoyment of their home. One of the bars, the Rock, is operated on premises owned by the defendant, 615 Bourbon. The summary judgment which forms the basis of this appeal concerns only the Rock and not the other bar.
615 Bourbon moved for summary judgment contending that it could not be held liable for any damages caused by the music emanating from the Rock. The trial court judgment granted 615 Bourbon's motion and dismissed the plaintiffs' claim as to 615 Bourbon without written reasons.
The plaintiffs' appeal is based on the obligations of vicinage arising out of La. C.C. art. 667-669.
We review summary judgments de novo: First, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor. See Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257 at pp. 16-17 (La.2/29/00), 755 So.2d 226, 236 (noting the court "must draw those inferences from the undisputed facts which are most favorable to the party opposing the motion"); See also Hebert v. St. Paul Fire and Marine Ins. Co., 99-0333 (La.App. 4th Cir.2/23/00), 757 So.2d 814.
Willis v. Medders, 00-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050.
[A]ccording to La. C.C.P. 966(C)(2), the mover need not negate all essential elements of the adverse party's claim, action, or defense, but rather need point out to the court that there is an absence of factual support of one or more elements of the claim. Once the movant negates such a necessary element(s) of the adverse party's claim, the burden then shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Lozier v. Security Transfer and Inv. Corp., 96-2690 (La.App. 4 Cir. 4/30/97), 694 *1285 So.2d 497. The effect of the legislature's 1996 amendment to La. C.C.P. art. 966 is that the non-moving party is not allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment. Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96), 684 So.2d 488.
Moody v. City of New Orleans, 99-0708, p. 2 (La.App. 4 Cir. 9/13/00), 769 So.2d 670, 671.
The plaintiffs have cited no cases in which liability has been imposed upon the owner-lessor of property under La. C.C. art. 667 for acts of the lessee. In view of the numberless owner-lessor-lessee relationships known to exist in this State, it would be most extraordinary for owner-lessor liability for acts of the lessee under La. C.C. art. 667 to be res nova if it were the purpose of that Code article to impose such liability. Therefore, we believe that the lack of such cases says something in itself.
Burke v. Besthoff Realty Co., 196 So.2d 293, 297 (La.App. 4 Cir.1967) finds such liability, but Burke was overruled by this Court in Borenstein v. Jos. Fein Caterers, Inc., 255 So.2d 800, 804 (La.App. 4 Cir. 1971).
Borenstein supports the decision of the trial court to grant the Property Owner's motion for summary judgment. In Borenstein this court noted that:
In this case plaintiffs are seeking to abate a nuisance. The nuisance is a condition, and the person legally liable for the nuisance is the person actually responsible for the existence of the condition. This includes the person who creates the nuisance and the person who participates in the active continuance thereof.
We therefore believe that the liability of a party as a proprietor under C.C. art. 677 in a nuisance and damage case should be determined on the basis of his responsibility for the existence of the condition which constitutes the nuisance.
Borenstein at p. 806.
The lessor-owner-defendant in the instant case is not "the person actually responsible for the existence of the condition," i.e., the noise complained of by the plaintiffs in the instant case. The plaintiffs do not allege that the operation of a bar on the leased premises is contrary to any law or ordinance. The plaintiffs do not allege that the bar in question is prohibited from offering music. The plaintiffs' only complaint is that the music is too loud. The record contains an affidavit of one Raymond Gonzales, Jr., stating that he is the manager of the defendant, 615 Bourbon Street, L.L.C., and that the defendant owns the property, but leases it to O'Reilly Properties. The affidavit also alleges that the defendant neither owns nor operates the bar known as "The Rock" located on the leased premises. The record contains no countervailing affidavit or other such evidence. In other words, there is no genuine issue of material fact concerning the operation of the bar by the defendant's lessee. Thus, we are compelled to conclude from the record before us that the volume of the music on the premises is the result of the independent acts of the lessee. Therefore, there is no basis in law for holding the lessor-owner-defendant liable under La. C.C. art. 667. Our reading of Chaney v. Travelers Ins. Co., 259 La. 1, 249 So.2d 181, 183 (La.1971), does not suggest otherwise. Chaney presents the following fact situation:
The petition alleges that Jenkins contracted with the City-Parish to enlarge the Melrose Canal and install two lines of large concrete drainage pipe. Exceptionally heavy equipment and machines were required to accomplish this result. While the work was being performed, vibrations from the use of the *1286 heavy equipment in close proximity to Chaney's house caused the interior sheetrock and plaster near doors and windows to crack with the resulting damage.
The Chaney court held the City-Parish liable for the acts of its contractor, stating that:
[T]he proprietor is likewise responsible not only for his own activity, but also for that carried on by his agents, contractors and representatives with his consent and permission. This liability which the law imposes attaches also to the agent or contractor, who, as in this case, becomes solidarily liable with the proprietor if his activity causes damage to a neighbor.
Chaney, supra, at 186.
Chaney provides no authority for imposing La. C.C. art. 667 liability on the lessor-owner for acts of the lessee. The lessee in the instant case is not the agent of the lessor-owner; the lessee is not the contractor of the lessor-owner; and the lessee is not the representative of the lessor-owner.
Additionally, we find no language in Inabnet v. Exxon Corp., 93-0681 (La.9/6/94), 642 So.2d 1243, stating or implying either in the holding or in dicta that the lessor-owner has La. C.C. art. 667 liability for the independent acts of its lessee. Inabnet concerned a dispute between two lessees, one holding an oyster lease on the property, the other holding a surface lease and a canal right of way affecting the same property as well as other property. The property owner was not a party to the litigation. The Inabnet court held the surface lessee liable for damages to the oyster lessee. No liability was imposed by the court on the surface lessor for the acts of its lessee. By way of analogy, Inabnet could arguably stand for the proposition that the lessee-operator of the "The Rock" bar in the instant case might be held responsible for the claims of the plaintiffs. But we find nothing in Inabnet suggesting that 615 Bourbon as owner-lessor of the premises could be held liable to the plaintiffs for the music played by its lessee.
We believe that to hold the lessor-owner liable under the facts of this case would represent an expansion of the scope of La.C.C. art. 667. Accordingly, we find no error in the decision of the trial court.
We note that the plaintiffs also complain that they were not given adequate time to conduct discovery because of Hurricane Katrina. The claim was filed on July 20, 2005. The defendant's motion for summary judgment was filed on February 22, 2006. The hearing on the motion was not heard until two months later, on April 21, 2006. There is nothing in the record tending to show that the plaintiffs made any discovery attempts during that time. The record contains no motion for continuance for discovery purposes by the plaintiffs and they do not contend otherwise. The plaintiffs' reference to Katrina is general in nature. The plaintiffs do not specify in what way Katrina prevented them from conducting discovery in this matter.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
CANNIZZARO, J., dissents with reasons.
CANNIZZARO, J., dissents with reasons.
I respectfully dissent from the majority opinion. I would reverse the trial court judgment and remand the case to the trial court for further proceedings.
The majority concludes that because the plaintiffs have cited "no cases in which liability has been imposed upon the owner-lessor of property under La. C.C. art. 667 for acts of the lessee," it must not be the purpose of article 667 to impose such liability. *1287 The clear language of article 667, however, instructs otherwise.
Article 667 provides that a "proprietor" cannot use his estate in such a way that he may "deprive his neighbor of the liberty of enjoying his own." The very definition of the term "proprietor" means "owner." See Merriam-Webster's Collegiate Dictionary 934 (10th ed.2001) where one definition of "proprietor" is "one who has the legal right or exclusive title to something: OWNER" (capitalization in original) and Black's Law Dictionary (8th ed.2004) where "proprietor" is defined to mean "[a]n owner, esp. one who runs a business."
In the instant case 615 Bourbon Street, L.L.C., (the "Property Owner") was the owner of the property from which the alleged noise emanated. Under the provisions of article 667, if the Property Owner "knew or, in the exercise of reasonable care, should have known" of any damage that was incurred by the plaintiffs, the Property Owner could be held liable. Just because property is leased to the party actually causing damage to a neighbor does not mean that the lessor who owns the property has no liability to the neighbor who is damaged, if the lessor was aware or should have been aware of the damage.
Such a reading of article 667 would lead to absurd results. This would mean, for example, that a lessor who leased its property to a lessee that the lessor knew planned to use the property in such a way that the neighbors would be damaged would have no liability to the neighbors. If the lessor is in the business of leasing its property, the lessor should be responsible for the actions of its lessees that cause damage to the neighbors if the lessor knew or should have known that damage would result from the lessee's activities on the leased property.
In Inabnet v. Exxon Corp., 93-0681 (La.9/6/94), 642 So.2d 1243, the Louisiana Supreme Court discussed La. C.C. arts. 667-69. The Supreme Court stated:
Articles 667-669 place limitations on the rights of owners by setting out principles of responsibility applying the doctrine of sic utere tuum ut alienum non laedas, which requires an owner to use his property in such a manner as not to injure another. 4 A.N. Yiannopoulos, Louisiana Civil Law Treatise-Predial Servitudes §§ 25, 33 (1983). Article 667 prohibits uses which cause damage to neighbors or deprive them of the enjoyment of their property, while Article 668 permits uses which merely cause neighbors some inconvenience. Id. at § 34. Article 669 allows suppression of certain inconveniences, if excessive under local ordinances and customs, and requires tolerance of lesser inconveniences.
642 So.2d at 1250-51.
The Supreme Court in Inabnet further stated that "[e]xcessive inconveniences caused by . . . noise . . . need not be tolerated in the absence of a conventional servitude; whether an inconvenience is excessive or not is to be determined in the light of local ordinances and customs (Article 669)." Id. at 1251. The Supreme Court also made it clear that "conduct by a proprietor violative of Articles 667-669 may give rise to delictual liability, without negligence, as a species of fault within the meaning of La. Civ.Code art. 2315." Id.
In the Inabnet case, the Supreme Court also discussed the definition of the term "proprietor" as used in La. Civil Code art. 667. The Supreme Court said that "[t]he term `proprietor' in Article 667 also has been expansively interpreted by the courts to apply not only to a landowner, but also to a person whose rights derive from the owner." Id. See also Chaney v. Travelers Insurance Co., 259 La. 1, 249 So.2d 181 *1288 (1971), where the Supreme Court stated that "[t]his liability which the law imposes [under La. Civil Code art. 667] attaches also to the agent or contractor, who . . . becomes solidarily liable with the proprietor if his activity causes damage to a neighbor." 259 La. at 16-17, 249 So.2d at 186. Also, in A.N. Yiannopoulos, Louisiana Civil Law Treatise-Predial Servitudes § 44 (2004), it is made clear that the owner of land is liable not only for its own acts but may also be liable for those of others, "such as servants, guests, or lessees."
I also find the majority's reliance on the Inabnet case, the Chaney case, and Borenstein v. Joseph Fein Caterers, Inc., 255 So.2d 800 (La. 4th Cir.1972), to be misplaced. None of these cases support the proposition that an owner of property cannot in some cases be held liable for damages caused by the actions of its lessee that result in damage to neighboring property owners.
In the Borenstein case, this Court acknowledged that the term "proprietor," as used Civil Code article 667, originally meant the owner of the property but then said that the term has been used more expansively in the jurisprudence to include also a lessee. 255 So.2d at 805-06. There is nothing in the Borenstein case to support the position that a lessor who knows or should have known of a lessee's activities on the lessor's property cannot be held liable for the damages caused by the lessee to the neighboring property owners. Both the lessor and the lessee were sued in Borenstein because of nuisances created by, among other things, a vine growing from the leased premises onto a neighboring property and an improperly installed planter. Both the lessor and lessee were sued, and the lessor was held liable for the nuisances whereas the lessee was found not to be liable. This was because the owner, not the lessee, had installed the planter and had planted the vine that caused the damage to the neighbor.
Likewise, in Inabnet there is nothing to indicate that a lessor may never be held liable for the activities of its lessee under Civil Code article 667. The Inabnet case involved a suit by an oyster lessee against a surface lessee. The Supreme Court in Inabnet permitted the oyster lessee to recover some of the damages it suffered as a result of the dredging activities conducted by the surface lessee, even though the surface lease expressly stated that the lessee could conduct dredging operations. This case in no way, however, stands for the proposition that an owner can never be liable for the actions of its lessee that cause damage to neighboring property owners. In fact, as shown by the language in Inabnet discussed above, it is clear that, depending on the facts of the case, a lessor may be responsible for activities conducted by its lessee.
Finally, in the Chaney case, the City of Baton Rouge was held liable for the damage to neighboring property that occurred as a result of construction undertaken by the city to improve a canal on city property. Although the city's contractor actually caused the damage, the city was held liable.[1] Thus, Chaney holds that an owner can be held liable for its contractor's activities. By analogy, Chaney supports the position that an owner can be held liable for the activities of its lessee that cause damage to neighboring property, if the lessor permits or acquiesces in the activity.
Based on the foregoing, I would reverse the summary judgment granted by *1289 the trial court. It is my opinion the instant case should be remanded for trial.
NOTES
[1] The contractor was also held liable to the city on a third party claim for the damages the city had to pay the neighboring property owners.