# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NO. 2021 CA 1587

## YVETTE DAVID PACACCIO, INDIVIDUALLY AND AS AGENT FOR BRENDAN JOSEPH DAVID

## VERSUS

## STEVEN P. HOOVER, MELANIE P. HOOVER, EDWIN HOOVER, AND PEGGY HOOVER

Judgment Rendered: **AUG 0 2 2022**

\* \* \* \* \*

On Appeal from the
21st Judicial District Court
Parish of Tangipahoa, State of Louisiana
Trial Court No. 2020-0001195

The Honorable Brian K. Abels, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Craig J. Robichaux<br>Mandeville, Louisiana<br>and<br>Rachael P. Catalanotto<br>Covington, Louisiana<br>and<br>Ron S. Macaluso<br>Hammond, Louisiana | Attorneys for Plaintiffs-Appellants,<br>Yvette David Pacaccio, Individually<br>and as Agent for Brendan Joseph David |
| Lance B. Williams<br>Reed S. Minkin<br>Covington, Louisiana | Attorneys for Defendants-Appellees,<br>Edwin and Peggy Hoover |
| Nicole M. Boyer<br>Metairie, Louisiana | Attorney for Defendant-Appellee,<br>Republic Fire and Casualty<br>Insurance Company |

\* \* \* \* \*

BEFORE: McDONALD, LANIER, AND WOLFE, JJ.

**WOLFE, J.**

This appeal arises out of a summary judgment granted in favor of defendants/appellees, Edwin and Peggy Hoover and their insurer, Republic Fire and Casualty Insurance Company. For the following reasons, we affirm.

## BACKGROUND

On May 22, 2019, Steven and Melanie Hoover hosted a high school graduation party for their daughter, Anna Grace, around the pool area at their residence in Hammond, Louisiana. Steven and Melanie's home is located on a portion of a gated 25-acre family property where Steven's parents, Edwin and Peggy, also own a home. Steven and Melanie own two parcels on the property, one for their house and one for Steven's sister, Stacy's house. Edwin and Peggy own the other parcel where their house is located. There are no fences or visible property lines between the parcels, and family members are free to go anywhere on the property, which has a pond and lots of open space. Steven maintains the entire 25-acres for the family with equipment that he owns. Steven designed and built a concrete and wooden crossover on his property, to ease crossing to and from grassy areas over a driveway between his and his sister's house. The crossover is near an area where one of the guests attending the graduation party, Brendan Joseph David, had a tragic accident while driving one of Steven and Melanie's all-terrain vehicles (ATVs) during the party.

Edwin and Peggy attended their granddaughter's graduation party, but they did not help with organizing or supervising anything. Edwin and Peggy stayed at the party for approximately one hour. Sometime after they left the party, another guest who attended the party, Brennan Dornan, asked Steven if some of the guests could ride the ATVs owned by Steven and Melanie. Steven gave them permission and told them to be safe. Brennan and Brendan were some of the first ATV drivers; both had previous experience with driving ATVs. Although helmets were available,

2

neither of them wore one. All of the drivers/riders scattered out over the property, which did not have any designated trails for riding. The guests rode ATVs for about one-and-a-half hours without incident. Brennan was on a separate ATV trailing behind Brendan, who was driving fast, when he saw Brendan appear to lose control of the ATV immediately after traversing the crossover. Brendan ran into a nearby tree and was thrown off the ATV. Brendan suffered a serious head injury that left him permanently disabled.

Brendan's aunt and caregiver, Yvette David Pacaccio, individually and on behalf of Brendan, filed a petition for damages against all of the property owners, Steven and Melanie, Edwin and Peggy, and then later, added insurers. Early in the litigation, Steven and Melanie, along with their insurers, Metropolitan Property and Casualty Insurance Company and Scottsdale Insurance Company, settled with Yvette and Brendan, and were dismissed from the lawsuit. However, Yvette and Brendan reserved their claims against Edwin and Peggy and their insurer, Republic.

Edwin and Peggy filed a motion for summary judgment seeking dismissal of all claims against them. They argued that they did not host, organize, or supervise the graduation party; they did not own, control, or have custody of the ATV that Brendan was riding; nor did they own, design, or maintain the parcel of property and crossover area where Brendan's accident occurred. Republic joined Edwin and Peggy's motion. Evidence submitted in support of the motion included the petition, Edwin and Steven's affidavits, and the affidavit of a land surveyor, Kelly McHugh, with attachments consisting of photographs, a survey of the Hoover property, and a plat map all showing that Steven and Melanie owned the property where Brendan's ATV accident occurred.

Yvette and Brendan opposed the motion for summary judgment, initially arguing that they did not have an opportunity for adequate discovery, objecting to the affidavits for lack of personal knowledge and conclusory statements, and

3

containing expert opinion that exceeded the stated expertise. They also insisted that the existence of ATV trails or paths on the Hoover property was a genuine issue of material fact. Another issue they asserted was that Edwin was involved in designing, building, and maintaining the alleged unreasonably dangerous and defective crossover that caused Brendan to lose control of the ATV he was riding. In support of their opposition, Yvette and Brendan submitted the very same affidavits referenced by Edwin and Peggy. They also submitted an affidavit by Bill Uhl and his expert report regarding the alleged poorly designed crossover with photographs showing a trail and Edwin's name scrawled in the crossover concrete, which they argued was proof that Edwin was involved with the creation of the crossover. Additionally, Yvette and Brendan referenced factual inconsistencies revealed in the deposition testimony of Edwin, Steven, and Steven's daughters and wife, as well as statements made by Brennan in an examination under oath.

Edwin and Peggy filed several supplemental memoranda in support of their motion for summary judgment, with deposition and statement excerpts from Brennan, Steven, and Edwin, and introducing a recreational use immunity defense. Edwin and Peggy also filed a reply memorandum in support of their motion, objecting to Bill Uhl's affidavit and expert report as speculative and conclusory. Yvette and Brendan filed objections to Edwin and Peggy's supplemental memoranda and evidence, moving to strike the attachments to those memoranda.

At the hearing on the motion for summary judgment, the trial court admitted all of the evidence submitted – affidavits, depositions, Brennan's examination under oath, and discovery responses – but struck any reference to the recreational use immunity defense. In oral reasons, the trial court explained that Bill Uhl's affidavit and attached report were admitted except for Uhl's conclusion that Edwin's name scrawled in the concrete was an indication that Edwin had responsibility for the crossover. The trial court granted summary judgment in favor of Edwin, Peggy, and

Republic, dismissing all of Yvette and Brendan's remaining claims. Yvette and Brendan appeal, maintaining that this case requires detailed factual conclusions that are not appropriate for summary judgment. They assign four errors: (1) the trial court erred in granting the summary judgment; (2) the trial court abused its discretion in failing to strike incompetent evidence and memoranda; (3) the trial court abused its discretion in limiting discovery; and (4) the trial court erred in striking a portion of Bill Uhl's expert report.

## STANDARD OF REVIEW

On appeal, appellate courts review the grant of a motion for summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. **Jackson v. Wise**, 2017-1062 (La. App. 1st Cir. 4/13/18), 249 So.3d 845, 850, writ denied, 2018-0785 (La. 9/21/18), 252 So.3d 914. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3).

A "genuine issue" is one as to which reasonable persons could disagree. If reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Campbell v. Dolgencorp, LLC**, 2019-0036 (La. App. 1st Cir. 1/9/20), 294 So.3d 522, 526. A fact is "material" when its existence may be essential to the plaintiff's cause of action under the applicable theory of recovery and it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. **Primeaux v. Best Western Plus Houma Inn**, 2018-0841 (La. App. 1st Cir. 2/28/19), 274 So.3d 20, 27. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material must be viewed in light of the substantive law applicable to the case. **Id.**

5

The burden of proof for summary judgment rests with the mover. La. Code Civ. P. art. 966(D)(1). But if the moving party will not bear the burden of proof at trial on the issue before the court on the motion, the moving party's burden is satisfied by pointing out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See **Id.**

## LAW AND ANALYSIS

Initially, we address Yvette and Brendan's argument that the trial court erred in considering Edwin and Peggy's improper affidavits and inadmissible evidence. Yet Yvette and Brendan offer the exact same evidence in opposition to summary judgment. They claimed that none of the sworn affidavits were based on personal knowledge and are therefore inaccurate and unreliable. Louisiana Code of Civil Procedure article 967(A) requires that supporting and opposing affidavits be made on personal knowledge, setting forth facts that would be admissible in evidence, and showing affirmatively that the affiant is competent to testify to the matters stated therein.

A review of the affidavits reveal that each affiant stated observations made from personal knowledge of the Hoover family property, the ATVs owned by Steven and Melanie, the location of Brendan's accident on a parcel of property owned by Steven and Melanie, and the crossover built and maintained by Steven. Whether the statements are accurate is not to be decided on a motion for summary judgment. The trial court must assume that all of the affiants are credible. **West v. Hornsby**, 2020-0871 (La. App. 1st Cir. 2/25/21), 2021 WL 734027, *4 (unpublished). As to relevancy, the affidavits focus on the ownership of the parcels of property and location of Brendan's accident, which is at the center of the litigation. Questions of

6

relevancy and admissibility are discretionary rulings for the trial court. **Id.** We do not find the trial court abused its discretion in admitting the evidence.

As for Yvette and Brendan's assertion that the trial court improperly limited discovery, we find no abuse of discretion. A motion for summary judgment may be granted after an opportunity for "adequate" discovery, which has been construed to mean that there is no absolute right to delay action on a motion for summary judgment until discovery is complete. Rather, the requirement is only that the parties have a fair opportunity to carry out discovery and to present their claim. See La. Code Civ. P. art. 966(A)(3); **Campbell**, 294 So.3d at 527. Yvette and Brendan's opposition to the motion for summary judgment was supported by affidavits, discovery responses, depositions, an examination under oath, and an expert's report attached to an affidavit. We will not disturb the trial court's broad discretion in hearing the motion for summary judgment before further discovery was completed. **Primeaux**, 274 So.3d at 32.

Yvette and Brendan's claims against Edwin and Peggy are based on premises liability and the issue of whether Edwin and Peggy had custody or "*garde*" of the allegedly defective crossover that precipitated Brendan's loss of control while driving the ATV. Louisiana Civil Code article 2317 provides that we are responsible for damage caused by the things in our custody. This concept is understood with a modification found in La. Civ. Code art. 2317.1, concerning the condition of the premises. The following elements must be proven by the plaintiff in a premises liability case, that: (1) the defendant either owned or had care, custody, or control of the thing in question; (2) the thing was a cause-in-fact of the plaintiff's injuries; (3) the thing presented an unreasonable risk of harm; and (4) the defendant had actual or constructive knowledge of the risk. See **Ordeneaux v. Arkel Food Servs., L.L.C.**, 2020-1312 (La. App. 1st Cir. 6/4/21), 327 So.3d 521, 527, writ denied, 2021-00967 (La. 10/19/21), 326 So.3d 264. See also **Baker v. Murphy Oil USA, Inc.**,

7

2001-1299 (La. App. 4th Cir. 4/10/02), 816 So.2d 329, 332. Therefore, in order to establish premise liability, Yvette and Brendan must first establish who had custody or *garde* over the premises and the crossover located on the premises.

According to the summary judgment evidence, the crossover was designed, built, and maintained by Steven and was located on Steven and Melanie's parcel within the 25-acre Hoover family property. Edwin and Peggy argue that they are not liable to a person injured by an alleged defect on *adjacent* property. As a general principle, a landowner is usually not responsible for injuries that occur from defects on adjacent property. **Hammond v. Plaquemines Parish**, 2007-0782 (La. App. 4th Cir. 3/19/08), 982 So.2d 204, 207. Additionally, ownership alone establishes the requisite benefit, control and authority to find *garde* under most circumstances. **Greer v. Sportsman's Hairadise, LLC**, 2017-0965 (La. App. 1st Cir. 3/9/18), 2018 WL 1249410, *2 (unpublished). However, the presumption of *garde* that is created by ownership is rebuttable. **Id.** The concept of *garde* is broader than ownership, and more than one party may have *garde* of a thing. See **Dupree v. City of New Orleans**, 99-3651 (La. 8/31/00), 765 So.2d 1002, 1009. Whether the law imposes a duty of *garde* upon a party is a factual inquiry based upon the determination of what benefit the party received from the thing, and what kind of direction and control the party had over it. **Greer**, 2018 WL 1249410 at *2.

Edwin and Peggy pointed out an absence of factual support for the essential element of *garde* in Yvette and Brendan's claim. Yvette and Brendan heavily rely on a photograph of the crossover, properly authenticated and attached to depositions and affidavits, which depicts Edwin's name scrawled in the concrete. They argue that the photograph is evidence that Edwin was involved in the design and/or creation of the defective crossover. However, Edwin explained that he usually writes his name in wet concrete when it is poured on "pretty much any project" anywhere on the Hoover family property. Additionally, Steven took full

8

responsibility for the design, building, and maintenance of the crossover. Edwin admitted to using the crossover when driving on the property, but that was the extent of his involvement with the crossover. These facts are undisputed.

Thus, we find that Yvette and Brendan's argument that Edwin shared *garde* of the crossover is conclusory and devoid of specific underlying facts to support a conclusion of ultimate fact. Furthermore, the trial court did not err in refusing to consider the portion of Uhl's expert opinion speculating that Edwin's name scrawled in the crossover concrete was proof that Edwin was responsible for the crossover's condition. Our *de novo* review reveals that the opposing evidence is not legally sufficient to defeat summary judgment. Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. **Ritchey v. State Farm Mutual Automotive Insurance Company**, 2017-0233 (La. App. 1st Cir. 9/15/17), 228 So.3d 272, 279.

Furthermore, because we base our holding on an absence of evidence to meet the element of custody or *garde* in Yvette and Brandan's burden of proof, we need not consider whether the evidence created an issue of fact as to the existence of an alleged hazardous condition on the Hoover family property. See **Marrero v. I. Manheim Auctions, Inc.**, 2020-0878 (La. App. 1st Cir. 2/19/21), 321 So.3d 406, 411. The lack of support for one essential element of Yvette and Brandan's claim is insufficient to overcome the grant of summary judgment in favor of Edwin, Peggy, and Republic. See La. Code Civ. P. art. 966(D)(1).

## CONCLUSION

For the reasons assigned, we affirm the judgment of the trial court granting summary judgment in favor of Edwin and Peggy Hoover and Republic Fire and Casualty Insurance Company, and dismissing all claims of Yvette David Pacaccio, individually and as agent for Brendan Joseph David, with prejudice. All costs of

this appeal are assessed to Yvette David Pacaccio, individually and as agent for Brendan Joseph David.

**AFFIRMED.**